# Wheeling.

## CHARLES RUFFNER vs. ALEXANDER WILLIAMS.

### January Term, 1869.

1. The action of trespass for false imprisonment is in some respects peculiar, and differs from an action for an ordinary assault and battery and other trespasses in this, that the trespass does not consist in a distinct and single act, but in the continuous violation of personal liberty, and every continuation of an illegal imprisonment constitutes a new trespass for which an action may be maintained.

2. Where a party is present during a part of the time of the illegal imprisonment of another, and gives aid and comfort, counsel, direction and encouragement to those engaged in it, he is personally liable for the trespass.

In June, 1866, Alexander Williams brought an action of trespass on the case against Charles Ruffner and others, in the circuit court of Nicholas county. The suit was abated as to two of the defendants, and the others pleaded not guilty. At the April term, 1867, the jury empanneled in the case found a verdict for 500 dollars damages against the defendant Ruffner alone, and found the other defendants not guilty. Ruffner moved the court for a new trial on the ground that the verdict was contrary to evidence and without sufficient evidence, which motion the court overruled and entered judgment upon the verdict. To the opinion of the court overruling the motion for a new trial the defendant excepted and the case was brought to this court on a supersedeas. The facts in the cause which were certified by the circuit court, are very fully stated in the opinion of Berkshire, J.

*Stanton & Allison* and *Melvin* for defendant in error.

BERKSHIRE, J. This was an action of trespass for an assault and battery and false imprisonment brought by the

defendant in error against the plaintiff in error, in the cir-
cuit court of Nicholas county. The only error complained
of is for overruling the motion for a new trial upon the
ground that the verdict was contrary to the evidence and
without sufficient evidence.

One of the averments in the declaration is to the effect
that the defendant Charles Ruffner and ten others, named
therein, did, in September, 1861, in said county, with force
and arms, make an assault on the plaintiff, and did then and
there abuse, insult and ill-treat him, and did cause and insti-
gate others to do likewise; and did also then and there
take, seize, carry, drive and transport the said plaintiff from
thence to the county of Greenbrier, and imprison and hold
him in confinement in the jail of said county for the space
of ten days, forcibly, wrongfully and against his consent,
and without any reasonable or probable cause, and also
caused, *directed* and *instigated* others to do likewise.

To this declaration the defendants pleaded not guilty, and
upon the trial on this issue the jury found a verdict for the
plaintiff against the defendant Ruffner for 500 dollars dam-
ages, and found *for* all the other defendants.

From the certificate of facts proved on the trial, it appears
that the defendant in error was arrested in said county in
September, 1861, by four persons belonging to a company
called "Independent Scouts," belonging to the rebel army,
under General Floyd, and carried from the place where he
was arrested to Floyd's camp, distant about twelve miles,
where he was kept about ten days, and was taken from
thence to Lewisburg, in Greenbrier county, (after stopping
three days at "Dogwood Gap," in Fayette county), and
there confined in the jail for about one week. That while
on the march to Lewisburg under guard, the defendant
Ruffner (who it appears was a resident of and in Nicholas
county about the time of, and within two miles of the place,
where the arrest was made, being at Summersville where
there was a company of rebel soldiers) met with them and
immediately commenced abusing and threatening the pris-
oners, and especially the defendant in error, in the most vio-

| Jan'y Term, | Ruffner *vs.* Williams. | 1869. |
|---|---|---|

lent and menacing manner, and continued to ride on with the guards and prisoners to Lewisburg, distant about $2\frac{1}{2}$ miles, and continued his abuse and threats of violence towards the prisoners, the defendant in error included, and among other things said he ought to be hung and shot, and that he would be hung, and at the same time told the guards that if they would hand him a gun he would shoot the prisoner *then*, and also told the rebels what they ought to do with the prisoners, &c.

I think these facts substantially sustain the averments of the declaration.

The action of trespass for false *imprisonment* is in some respects peculiar and differs from an action for an ordinary assault and battery and other trespasses in this, that the trespass does not consist in a distinct and single act, but in the continuous violation of personal liberty. And one of the consequences is, that *every continuation* of an illegal imprisonment constitutes a *new* trespass for which an action may be maintained. 1 Hillyard on Tres., 200; *Shepherd vs. McQuilken*, 2 W. Va. Rep., 90.

Applying this doctrine to the case under review the defendant's liability, I think, must be quite apparent, for he was certainly present during a *part* of the time of the illegal imprisonment of the defendant in error, and gave aid and comfort, counsel, direction and encouragement to those engaged in it.

I think the judgment should be affirmed, with costs and damages.

The remaining members of the court concurred.

JUDGMENT AFFIRMED.