Hillsborough, }
   Dec., 1899. {

## STATE *v.* RYAN.

It is no defence to an indictment charging a hotel-keeper with furnishing
   oleomargarine to a guest without first notifying him that the substance is
   not butter, that the respondent acted without unlawful intent and under a
   mistake of fact.

INDICTMENT, for furnishing oleomargarine in the place of butter
to a guest of the defendant's hotel, in violation of section 3, chap-
ter 115, Laws 1895, enacting that it shall be unlawful for any per-
son to furnish or cause to be furnished, in any hotel, etc., to any
guest or patron, oleomargarine, butterine, or any similar substance,
without first notifying such guest or patron that the substance so
furnished is not butter.   Trial by jury, and verdict for the state.

The defendant excepted to the refusal of the court to instruct
the jury that the state must prove that he knowingly and inten-
tionally furnished oleomargarine instead of butter, and also to the
denial of his request for an instruction that, in order to warrant
his conviction, the jury "must find that the defendant knew, or
had reason to know by the exercise of due diligence, that the sub-
stance so furnished on his hotel table was not butter."

*James P. Tuttle*, solicitor, for the state.

*Doyle & Lucier* and *Wason & Jackson*, for the defendant.

BLODGETT, C. J.   The instructions requested by the defendant
were properly denied.

It is true that "in the earlier history of the common law only
such acts were deemed criminal as had in them the vicious ele-
ment of an unlawful intent, indicating a deviation from moral
rectitude ; but this quality has ceased to be essential, and now
acts unobjectionable in a moral view, except so far as being pro-
hibited by law makes them so, constitute a considerable portion of
the criminal code.   In such statutes the act is expressly prohibited,
without reference to the intent or purpose of the party committing
it, and is usually of the class in which the person committing it is
under no obligation to act unless he knows he can do so lawfully.
Under these statutes it is not a defence that the person acted hon-
estly and in good faith, under a mistake of fact.   He is bound to
know the fact as well as the law, and he acts at his peril.   These
statutes do not make a guilty knowledge one of the ingredients of
the offence."   *State* v. *Cornish*, 66 N. H. 329, 330, and numerous

authorities there cited; *State* v. *Campbell*, 64 N. H. 402–405; *Commonwealth* v. *Uhrig*, 138 Mass. 492; *Commonwealth* v. *Savery*, 145 Mass. 212; *State* v. *Smith*, 10 R. I. 258; *State* v. *Hughes*, 16 R. I. 403.

The statute in question clearly comes within this class, and having been enacted nearly five years subsequent to the decision in *State* v. *Cornish*, of which the legislature must be deemed to have had knowledge, no room for reasonable doubt remains that the legislative intent was that the statute should be construed in accordance with its language and agreeably to the construction obtaining not only in *State* v. *Cornish*, but in preceding cases.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.