Merrimack,  
  Dec., 1899.

### HIBBARD v. PARMENTER & POLSEY FERTILIZER CO.

The repeal of the statutory provisions giving to a complainant or prosecutor the whole or part of a penalty does not apply to offences theretofore committed.

DEBT, for penalties for the violation of sections 20, 21, and 22, chapter 126, of the Public Statutes, in regard to the sale of fertilizers. Facts found by the court. The writs are dated April 28, 1899, and allege in each case a violation of the statute occurring before March 7, 1899, and within one year prior to the date of the writs. The defendants moved to dismiss because that part of the statute upon which the plaintiff based his right to maintain the actions was repealed by chapter 31, Laws 1899, passed March 7, 1899.

*Martin & Howe*, for the plaintiff.

*Sargent & Niles*, for the defendants.

WALLACE, J. Sections 20, 21, and 22, chapter 126, of the Public Statutes, prescribe certain regulations in regard to the sale of fertilizers and impose penalties for their violation, one half of which are for the use of the prosecutor. Section 1, chapter 31, Laws 1899, repeals all the provisions of the Public Statutes whereby the complainant or prosecutor is entitled to the whole or any part of the penalty imposed for the violation of a statute, with certain exceptions not applicable to this case. Section 2 provides that "Nothing in this act shall affect any act done, liability incurred, or any right accrued and established, or any suit or prosecution, civil or criminal, pending to enforce any right, penalty, or forfeiture, or punish any officer under the repealed law."

These actions were brought after the date of the repeal to recover penalties for the violations of the statute in regard to the sale of fertilizers which occurred before the passage of the repealing act. The defendants claim that the repeal of the statutory provisions giving prosecutors one half of the penalty, before the suits were commenced, put an end to whatever rights the plaintiffs may ever have had to recover the penalties for violations of the statute before the date of the repeal. This view is incorrect and cannot be adopted. Whatever rights the plaintiff may have had to recover the penalties mentioned in his declarations were

saved to him by section 2 of the repealing statute. The acts upon which the plaintiff relies were done and the liability was incurred before the date of the repeal, and by the express terms of the enactment were exempted from its operation. The language of section 2 makes it plain that it was the intention of the legislature to confine the operations of the repealing act to events occurring after its passage, and not to affect past transactions, but to leave them in the same condition they were before its passage. The same construction was given to a general provision of the Revised Statutes (R. S., c. 1, s. 26) almost identical in terms with section 2. The court said: " It is obvious that the legislature intended by this provision to limit repealing acts to a strictly prospective operation. All past proceedings are to stand as before the repeal, unaffected by it. The act which, done before, was by the law then in force an offence, and to be followed by the consequences of a liability to a penalty or forfeiture, to be recovered in a civil suit,— and this is such a suit,— remains in its character and consequences such as it was before the repeal. Rights accruing under the act repealed are not to be arrested or interrupted by the repeal, but are to be preserved and matured by virtue of the act unrepealed as to them, in the same manner as though it continued in force for all purposes." *Lakeman* v. *Moore*, 32 N. H. 410, 413 ; *Farr* v. *Chandler*, 51 N. H. 545.

The claim that the only effect of the saving clause is to preserve the right of the state to enforce the penalties is not tenable. The only purpose and object of the statute was to repeal the right of the prosecutor to any part of the penalty. It was not intended to affect any rights of the state. As no rights of the state were aimed at or affected by the repealing part of the act, there was no occasion to save or restore any of its rights by the saving clause.

*Motion to dismiss denied.*

PIKE, J., did not sit: the others concurred.