Merrimack, ⎰
Oct. 9, 1902. ⎱

## NOYES v. EDGERLY.

In an action against a sheriff for false imprisonment, the defence that the plaintiff elected to treat his detention as lawful, and thereby became estopped from maintaining his action, is matter in avoidance of the writ and cannot be shown under the general issue.

An action of debt against a sheriff to recover a forfeiture incurred through his failure to comply with the provisions of sections 18 and 19, chapter 282, of the Public Statutes, is not an election by the plaintiff to treat his detention as lawful and a waiver of any right of action he may have for false imprisonment.

A plaintiff who misconceives his action, and brings a suit he has no right to maintain, is not thereby precluded from asserting his actual rights by a proper remedy.

TRESPASS, for false imprisonment. Transferred from the April term, 1902, of the superior court by *Peaslee*, J.

October 5, 1898, the plaintiff was arrested for breaking and entering a building in the daytime, and the larceny therein of

goods valued at fifteen dollars.   He was arraigned in police court, pleaded guilty, and was sentenced to four months' imprisonment in the county jail and to pay a fine of ten dollars and costs.   The defendant was sheriff and jailer of the county, and took the plaintiff into custody, October 6, 1898, on the *mittimus* issued by the justice, and imprisoned him until March 19, 1899, when he was discharged.

The writ in the present action is dated September 6, 1899. April 2, 1902, the defendant filed a plea of the general issue, with the following brief statement: "Prior to the bringing of this suit, to wit, on the 20th day of March, 1899, this plaintiff brought suit against this defendant, in the supreme court of said state, to recover a penalty established by the provisions of chapter 282 of the Public Statutes of said state, in which action the plaintiff declared as follows: 'In a plea of debt, for that on, to wit, the 15th day of October, 1898, said defendant, being then and there the sheriff and jailer of said county of Merrimack, did employ and set to labor the plaintiff, who was then and there a prisoner confined in the jail of said county, and did continue said plaintiff in said employment and labor for, to wit, eighty-seven days, during all of which time said plaintiff was a prisoner as aforesaid; and said plaintiff avers that said defendant did not keep a correct and itemized account with said plaintiff while the latter was so employed, showing his earnings and the charges and expenses made and incurred on his account; and when said plaintiff was discharged from said jail on, to wit, March 19, 1899, said defendant did not pay him the amount due him as provided by law for his labor, and did not take a receipt therefor, contrary to the form of the statute in such case made and provided.   Whereby an action has accrued to said plaintiff to have and to recover of said defendant the sum of $100.   Yet said defendant has never paid the same.'   Which action is still pending, and is based upon the legality of the commitment and imprisonment of said plaintiff, whereby said plaintiff elected to treat his imprisonment as legal, and thereby became estopped and barred from bringing and maintaining this action."

The plaintiff moved to reject the brief statement as not being seasonably filed, as required by Rules of Court, Nos. 9 and 12. The motion was denied, not as a matter of discretion, but solely for the reason that the matter alleged was provable under the general issue, and the plaintiff excepted.   The plaintiff's demurrer to the brief statement was overruled, subject to exception.

*Martin & Howe*, for the plaintiff.

*Matthews & Sawyer* and *Streeter & Hollis*, for the defendant.

BINGHAM, J.   " No special plea shall be required in a civil action;
. . . but any defence may be proved under the general issue, upon
a brief statement thereof being filed in such time as the court may
order."   P. S., c. 223, s. 3.   " Brief statements, filed in pursuance
of the statute, shall be subject to the same rules as special pleas."
Rules of Court, No. 12.   " All special pleas shall be filed with the
clerk of the court within ninety days from the commencement of
the term when the action is entered; otherwise, the case shall be
tried upon the general issue."   Rules of Court, No. 9.   The brief
statement was not seasonably filed, and the trial justice did not al-
low it in the exercise of his discretion.   The question therefore is :
Can the matter alleged therein be given in evidence under the
general issue ?

The statute allowing the use of a brief statement was enacted to
do away with special pleading.   Laws 1831, c. 48; *Flagg* v.
*Gotham*, 7 N. H. 266.   It substitutes a brief statement for a special
plea (*Folsom* v. *Brawn*, 25 N. H. 114), but does not apply to mat-
ter in abatement of the writ, and was not intended to change the
nature of the general issue from what it was at common law.
*Cocheco Mfg. Co.* v. *Whittier*, 10 N. H. 305, 309.

What could be proved at common law under the general issue,
in actions of trespass for false imprisonment, is well settled.   The
plaintiff's right in such actions consists in the freedom of his per-
son from unlawful restraint.   The defendant's wrong is an infringe-
ment of that right.   The act here complained of is the imprisonment
of the plaintiff by the defendant, upon process issued by a court
without jurisdiction of the subject-matter.   P. S., c. 276, s. 3 ; *Ib.*,
c. 248, ss. 3, 4, 5, 7, 8 ; *State* v. *Weed*, 21 N. H. 262 ; *State* v.
*Dolby*, 49 N. H. 483 ; *State* v. *Runnals*, 49 N. H. 498 ; *Batchelder*
v. *Currier*, 45 N. H. 460; *Austin* v. *Vrooman*, 128 N. Y. 229 ;
*Patzack* v. *Von Gerichten*, 10 Mo. App. 424–429.   The imprison-
ment is admitted, and the presumption is that it was unlawful.   In
such actions the plea of not guilty is proper, " if the defendant com-
mitted no assault, battery, or imprisonment."   1 Ch. Pl. (9th ed.)
500.

" Every imprisonment of a man is *prima facie* a trespass ; and
in an action to recover damages therefor, if the imprisonment is
proved or admitted, the burden of justifying it is on the defend-
ant."   *Bassett* v. *Porter*, 10 Cush. 418, 420.   " The *gravamen* of
the action is the unlawful interference with the person . . . of
the plaintiff."   An interference with the general rights of personal
liberty " is presumed *prima facie* to be unlawful, and the plaintiff
has only to prove the fact of such interference to put his adversary
upon his defence."   *Perry* v. *Buss*, 15 N. H. 222, 224 ; *Fuller* v.
*Rounceville*, 29 N. H. 554, 561, 562.   " Matters which do not

directly contradict that which a plaintiff is bound to prove, in an action of trespass, under the general issue, but which show collaterally that the action is not maintainable, must be specially pleaded, or a brief statement of the matters must be filed under the statute." *Stow* v. *Scribner*, 6 N. H. 24. Under this head may be classed any matter of excuse or justification, any warrant or authority, a satisfaction of the alleged trespass, a license from the plaintiff, that the act was done at the plaintiff's request, or matter of estoppel. *Rawson* v. *Morse*, 4 Pick. 127 ; 1 Ch. Pl. (9th ed.) 500, 501.

The brief statement does not deny any material allegation of the writ; it appears to be an attempt to show collaterally that the action is not maintainable. The most that can be claimed for it is, that the plaintiff, subsequent to his discharge, took such a position in relation to his imprisonment as to estop him from showing that it was unlawful. It is matter in avoidance of the writ, and cannot be shown under the general issue ; a brief statement is necessary.

The question raised by the demurrer is whether the brief statement is good in substance. Was the action of debt, based on the defendant's non-performance of duty, an election by the plaintiff to treat his imprisonment as lawful, and a waiver of his action for false imprisonment? It is claimed by the defendant that it is incumbent upon the plaintiff to prove, in the action of debt, that his imprisonment was lawful ; and having taken such a position by bringing that action, he cannot in this suit take the inconsistent position that his imprisonment was unlawful.

It may be doubtful whether the inconsistency between this suit and the action of debt, as claimed by the defendant, exists. The imprisonment did not consist in a distinct and single act, but in continuous violation of personal liberty, and every continuation of the illegal imprisonment was a new trespass (*Ruffner* v. *Williams*, 3 W. Va. 243 ; 8 Enc. Pl. &. Pr. 843) ; and it might be argued that the present suit is based upon the trespass arising out of the imprisonment prior to October 15, and not upon the independent trespass involved in the imprisonment for eighty-seven days subsequent to that date, and which is the basis of the action of debt. In such a case it would be a matter of the enforcement of independent rights, and the doctrine of election would have no application. However this may be, there are other grounds upon which the case may be decided.

The action of debt was brought under the provisions of sections 18, 19, and 20, chapter 282, and section 1, chapter 257, of the Public Statutes. Section 20 imposes a forfeiture of one hundred dollars upon a sheriff or jailer for not complying with the provisions of sections 18 and 19, which, under section 20, any one could sue

for. Section 1, chapter 257, prescribes the procedure to collect the forfeiture by an individual. But section 1, chapter 31, Laws 1899, became a law before the action of debt was brought, and repealed that part of section 20 which permitted a private prosecutor to recover the forfeiture, except in so far as it was saved by section 2, chapter 31. Section 2 limited the repealing act the same as though it " contained a saving clause of all penalties previously incurred." By it, the legislature intended to limit section 1 to a " strictly prospective operation," leaving past transactions to " stand as before the repeal, unaffected by it." *Lakeman* v. *Moore,* 32 N. H. 410, 412, 413 ; *Farr* v. *Chandler,* 51 N. H. 545, 547. If the forfeiture was incurred prior to the enactment of chapter 31, it was not affected by the act ; if subsequent to its enactment, then both the legal right and the remedy to enforce it were lost to the plaintiff.

The doctrine of election is often applied in cases where an aggrieved party has two remedies by which he may enforce inconsistent rights growing out of the same transaction ; and, being cognizant of his legal rights and such facts as will enable him to make an intelligent choice, brings his action by one of the methods. Under such circumstances, the law says he shall not thereafter adopt the alternate remedy, and that the defendant is estopped to show the true nature of the act or acts complained of to defeat the suit. *May* v. *LeClaire,* 11 Wall. 217 ; *Robb* v. *Vos,* 155 U. S. 13 ; *Abbot* v. *Fremont,* 34 N. H. 432 ; *Smith* v. *Smith,* 43 N. H. 536 ; *Sleeper* v. *Davis,* 64 N. H. 59 ; *Walker* v. *Davis,* 1 Gray 506 ; *Patterson* v. *Crawford,* 12 Ind. 241 ; *Patterson* v. *Prior,* 18 Ind. 440. Tested by this rule the brief statement is defective, as it contains no allegation that the plaintiff was cognizant of his legal rights or of such facts as were necessary to enable him to make an intelligent choice at the time the action of debt was brought. *Wells, Fargo & Co.* v. *Robinson,* 13 Cal. 133 ; *Anderson's Appeal,* 36 Pa. St. 476.

An election presupposes the existence of at least two remedies from which a choice may be made. In order, therefore, to apply the doctrine, the plaintiff must actually have at his command alternate remedies to enforce his claim. It is not enough that he supposes he has them, or even acts on that supposition. He must have them in fact.

Is the plaintiff, by these suits, attempting to enforce alternate remedies for inconsistent rights growing out of his imprisonment? If the forfeiture was incurred subsequent to the enactment of chapter 31, the plaintiff's action of debt was a mere nullity, for both the right of action and the remedy to enforce it were taken away by the repealing act. If it was incurred prior to the enact-

ment of chapter 31, and it is not essential to the maintenance of that action to prove that his imprisonment was lawful, having been a prisoner in fact, then no inconsistency would exist, and the causes of action would be independent; but if such proof is essential, then his evidence would show that his imprisonment was unlawful, and that his right of action, if any, is for false imprisonment. Having misconceived his action by bringing a suit he had not the right to maintain, he would not be precluded from asserting his actual rights by a proper remedy.

" A party who imagines he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy because he first tries a wrong one." *Bunch* v. *Grave*, 111 Ind. 351. "A mere attempt to pursue a remedy or claim a right to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to or claim." *In re Van Norman*, 41 Minn. 494, 497. " The institution by a party of a fruitless action, which he has not the right to maintain, will not preclude him from asserting the rights he really possesses." *McNutt* v. *Hilkins*, 80 Hun 235. To the same effect are the following cases: *Gould* v. *Blodgett*, 61 N. H. 115; *Morris* v. *Rexford*, 18 N. Y. 552; *Kinney* v. *Kiernan*, 49 N. Y. 164; *Madden* v. *Railway*, 66 Miss. 258; *Conn* v. *Bernheimer*, 67 Miss. 498; *Smith* v. *Bricker*, 86 Ia. 285.

*Demurrer sustained.*

All concurred.