Carroll,
March 7, 1905.

### STATE *v.* PIPER.

In an indictment against a bank official for making a false entry in a book of the institution, an allegation that a depositor did not withdraw a specified sum is a sufficient averment that the money was not paid to him in person or upon his order.

INDICTMENT, under section 32, chapter 165, Public Statutes, for making a false entry in the books of the Wolfeborough Loan and Banking Company, with intent to deceive the bank commissioners. The defendant demurred to the indictment because it does not allege that the entry was false, nor that he had knowledge of its falsity, and because, for aught that appears, the withdrawal to which the entry purports to relate was by the order or authority of the depositor, or properly charged to his account. The demurrer was overruled by *Stone,* J., at the June term, 1904, of the superior court, and the defendant excepted.

*Edwin G. Eastman,* attorney-general, and *Arthur L. Foote,* for the state.

*Streeter & Hollis* and *Edward K. Woodworth,* for the defendant.

YOUNG, J. The indictment, so far as it is material, is as follows: " Carroll D. Piper . . . did in a certain book, owned and used by said Wolfeborough Loan and Banking Company, make a certain false entry in regard to the amount of money then and there withdrawn from said Loan and Banking Company by one George E. Doane of said Wolfeborough, he the said Doane having then and there a deposit in and with said Loan and Banking Company in the savings department thereof, which false entry is as follows, that is to say: 'Aug. 13, 37–955 Geo. E. Doane 500,' meaning and intending it to be understood by and from said false entry that the said Doane had then and there withdrawn from the aforesaid department of said Loan and Banking Company the sum of five hundred dollars, whereas in truth and in

fact the said George E. Doane did not then and there withdraw the said sum of five hundred dollars from the aforesaid department of said Loan and Banking Company, as in said entry is falsely alleged and stated, but on the contrary thereof, he the said George E. Doane then and there withdrew the sum of one hundred dollars only from the aforesaid department of said Loan and Banking Company, as he the said Carroll D. Piper then and there, at the time of inserting and entering in and upon said book the said false entry, well knew."

If it is necessary to either allege or prove that the defendant knew that this entry was false (*State* v. *Ryan*, 70 N. H. 196), his second ground of demurrer is only a corollary of his first. If the allegation in relation to the falsity of the entry is sufficient, the allegation in respect to his knowledge of its falsity is also sufficient. Consequently, it will only be necessary to consider whether the allegation that Doane did not withdraw five hundred dollars on that day sufficiently alleges that that sum was not withdrawn from his account, either by him or on his order.

If the defendant should be indicted for paying money to Doane, an allegation that he paid it to Doane would be supported by evidence that he paid it to Doane's agent or on Doane's order. *State* v. *Wentworth*, 35 N. H. 442; 1 Bish. Cr. Proc., *s.* 332. If such an allegation would sufficiently charge a payment to Doane or on his order, it is obvious that the allegation that Doane " did not then and there withdraw the said sum of five hundred dollars," sufficiently alleges that that sum was neither withdrawn by him in person, nor upon his order. This is in accordance with the general rule of pleading, that everything must be pleaded according to its legal effect; that is, must be described as it operates or takes effect in law. Gould Pl., *c.* 3, *s.* 174. Whatever one does through another, as a matter of law he does himself, so the allegation in respect to the falsity of the entry is sufficient; for whatever sum of money was withdrawn from Doane's account on that day, either by him in person or upon his order, was in law withdrawn by him.

*Exception overruled.*

All concurred.