Coös,
Oct. 6, 1914.

OVIDE J. COULOMBE *v.* LILLIAN B. EASTMAN & a., *Ex'rs.*

The statute which requires the calling of a stockholders' meeting for the purpose of providing means for the payment of a debt of a corporation (P. S., c. 151, s. 4) is penal in character; and an action to recover a forfeiture for neglect of its provisions does not survive against the personal representatives of a deceased delinquent.

DEBT, to recover a forfeiture under section 4, chapter 151, Public Statutes. After the suit was brought the defendant died, and his executors, having been cited in to defend, moved that the action be dismissed upon the ground that it was brought to recover a penalty and for that reason does not survive. The question thus presented was transferred without a ruling from the December term, 1913, of the superior court by *Chamberlin, J.*

Plaintiff *pro se.*

*Goss & James*, for the defendants.

Walker, J. "Upon demand of payment of a debt of a corporation being made, if the same shall not at once be paid, or unimcumbered personal property sufficient to satisfy it be exposed, the officers of the corporation shall forthwith call a meeting of the stockholders to provide means for its payment, by assessments upon themselves or otherwise, within sixty days from the date of the demand. If an officer whose duty it may be to call such meeting shall unreasonably neglect or refuse to call the same, he shall forfeit one thousand dollars, to be recovered in an action of debt by any person injured." P. S., c. 151, s. 4.

If it is assumed, in accordance with the plaintiff's contention, without deciding, that the deceased in his lifetime might have been liable to an action under this statute, the question arises whether it is of such a character that it survived against the defendants, his executors. This question depends upon the construction of the statutes relating to the survival of actions, and particularly upon the intention of the legislature as ascertained from the language of section 14, chapter 191, Public Statutes, which prescribes that, in addition to actions of tort for personal injuries, "all other actions and causes of action existing in favor of or against a deceased person, except those for the recovery of penalties and forfeitures of money under penal statutes, shall survive, and may be prosecuted or defended by his administrator." If the plaintiff's alleged cause of action falls within the exception mentioned in the statute, it is clear that he cannot recover the penalty or forfeiture prescribed in the section of the statute first above quoted, upon which his action is founded. His contention is that that statute is remedial in its nature, rather than penal, and that it was not the purpose of the legislature, in section 14, chapter 191, to include in the exception an action upon such a statute.

That the statute is largely penal in its character, that it was intended to enforce compliance by corporate officers with the requirement for the calling of a meeting of the stockholders to provide for the payment of the debt demanded of it, cannot be doubted. It was intended to protect the public in its dealings with the officers of corporations. If it also has the effect to furnish a remedy to a creditor who has unsuccessfully demanded payment of his debt, to a limited extent, such effect is not the principal purpose of the statute. If it had been, the amount of the recovery would not have been limited to a thousand dollars, but to the amount of the debt. At least, the fact that it is not so limited is evidence that the prin-

cipal purpose of the legislature was, not to provide an adequate remedy for the unfortunate creditor, but to secure the performance of the statutory duty by imposing a money forfeiture or penalty upon delinquent officers. The benefit to the creditor is incidental and not primary. This view is amply supported by authority.

*Morrison* v. *Bedell*, 22 N. H. 234, was an action of trespass founded upon section 1, chapter 207, Revised Statutes, which provided: "If any person shall cut, fell, destroy, or carry away any tree, wood, timber, or underwood whatsoever, standing, lying, or being on the land of any other person, having no right there, without leave from the owner, . . . he shall forfeit for each trespass to the person injured, five dollars for every tree or log of one foot or over, for every tree or log of greater dimensions five dollars and three times the value thereof," etc. In holding that debt and not trespass was the proper remedy, the court say (*p.* 237): "The recovery under this statute is strictly and solely for a forfeiture and penalty. In the terms of the act, the wrongdoer 'shall forfeit and pay' the several sums named for the different wrongful acts enumerated, not in the name or nature of damages, or as compensation to the owner for the injury he has sustained, but as a penalty for his wrongful and criminal act. . . . Whatever may be the effect of a remedy under this statute, in a subsequent suit at common law, it is plain that the action is for the recovery of a forfeiture and penalty, and not for damages."

In *Janvrin* v. *Scammon*, 29 N. H. 280, it was held upon the authority of *Morrison* v. *Bedell*, *supra*, that section 3, chapter 207, Revised Statutes, which provides that if any person shall throw down or leave open any bar, gate, or fence belonging to another, he shall forfeit and pay treble damages to the person injured and also a sum not exceeding fifteen dollars according to the aggravation of the offence, is a penal statute, and that debt and not trespass is the proper form of action thereon. In the opinion it is said (*p.* 288): "The error into which the plaintiff has fallen appears to have arisen from the form which the forfeiture is made to take by the statute. The fact that it is fixed at treble damages to the person injured has apparently led him to construe the statute as one for increased damages merely, instead of a penal statute as it is."

In view of these decisions and others of a similar import (*Hitchcock* v. *Munger*, 15 N. H. 97; *Orne* v. *Roberts*, 51 N. H. 110), little doubt can be entertained that the legislature of 1891, in enacting section 14, chapter 191, making the survival of actions almost universal,

excepting only "those for the recovery of penalties and forfeitures of money under penal statutes," attached to the word "penal" the same meaning the court had given it, and included in that designation the statute under which this action is brought. See, also, *Hibbard* v. *Company,* 70 N. H. 156; *State* v. *McConnell,* 70 N. H. 158; *Noyes* v. *Edgerly,* 71 N. H. 500; *Bartlett* v. *Mansfield,* 76 N. H. 582. As in *Morrison* v. *Bedell, supra,* the language of the statute was that the offender "shall forfeit" a certain sum "to the party injured," as in *Janvrin* v. *Scammon, supra,* the statutory language was that "he shall forfeit and pay treble damages to the person injured," and as both statutes were held to be penal, there would seem to be no room for serious argument that the legislature regarded similar language in section 4, chapter 151, Public Statutes, in a different sense and as establishing an essentially different cause of action. The judicial definition of the term "penal" in similar statutes, made before the enactment of the statute in question, is convincing evidence of the meaning it was intended to have in the latter statute. *State* v. *Ryan,* 70 N. H. 196. It is therefore unnecessary to decide whether upon some other ground or for some other purpose it might be held that the statute is also remedial (*Hill* v. *Railroad, ante,* 151); for it is the intention of the legislature in its use of the word "penal" that determines adversely to the plaintiff the question of the survival of his action against the representatives of the deceased.

*Case discharged.*

All concurred.