# CHARLESTON.

### MARY FINNEY V. JAMES ZINGALE.

Submitted April 16, 1918.   Decided May 7, 1918.

1. FALSE IMPRISONMENT—*Gist of Action.*

   The gist of an action of false imprisonment or false arrest is the illegal detention of a person without lawful process or by an unlawful extension of such process. (p. 425).

2. SAME—*Arrest—Liability.*

   An arrest is not necessarily unlawful so as to afford ground for an action of false imprisonment because the plaintiff was innocent of the offense for which the arrest was made, if the forms of law were observed, as where the warrant was issued, upon proper complaint, by an official clothed with authority to issue them and was executed by the arrest of the plaintiff by a proper officer in a lawful manner. (p. 425).

3. MALICIOUS PROSECUTION—*Right of Action—Elements.*

   To maintain an action for malicious prosecution it is essential to prove (1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff. (p. 424).

Error to Circuit Court, McDowell County.

Action by Mary Finney against James Zingale. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Anderson, Strother, Hughes & Curd,* for plaintiff in error.

*A. G. Froe, H. J. Capehart* and *Litz & Harman,* for defendant in error.

Lynch, Judge:

In the first of the two counts of the declaration, a count for malicious prosecution, the plaintiff averred, among other things necessary to show the cause of action, that the defendant appeared before W. E. Stuart, Mayor of the city of Keystone, authorized by law to issue warrants in criminal cases, and falsely and maliciously and without any reasonable and probable cause whatsover charged plaintiff "with some such offense as aiding and abetting one Nannie Spinello and Joe Zingale in lewd, lascivious and unlawful cohabitation or some other charge of a similar nature, the purport of which is to plaintiff unknown", and upon such charge falsely and maliciously and without any reasonable or probable cause procured the said Stuart as such mayor to make and grant a certain warrant in due form of law for the apprehension of plaintiff and for bringing her before the said mayor to answer the said charge and to be further dealt with according to law; and by virtue of such warrant defendant caused her wrongfully and unjustly and without any reasonable or probable cause to be arrested, detained and kept in the custody of the law and carried before the said mayor, who, having considered all the defendant could say, allege or prove against her concerning the said offense, adjudged her not to be guilty thereof and acquitted her.

In the second count, a count for false arrest, the averments differ from those of the first only in the following respects: That the charges were not in writing and no warrant was issued, yet at the instance of the defendant and without any reasonable or probable cause he induced the mayor to have the plaintiff arrested and brought before him and to be held by the officer making the arrest until her guilt or innocence upon such charge could be determined by a trial, and that said trial was had and she was acquitted and discharged from custody.

The evidence adduced by the plaintiff in support of the causes so averred being excluded from consideration by the jury upon the motion of the defendant, they found for him and the court entered the judgment to which she prosecutes this writ.

Though it appears from the testimony of Stuart, the mayor, who was called as a witness for plaintiff, that one or two complaints were made by police officer Downs and a warrant was issued on each complaint, the nature and character of the offense charged is not revealed either by a complaint or warrant produced or filed, or otherwise than by the testimony of the plaintiff that she was informed by Downs that her house was "pulled", and by memoranda on the mayor's docket, placed thereon probably by Downs. So far as the memoranda concern the plaintiff they are: "May 22, 1917. Mary Finney; charge, violating city ordinance. Warrant issued on complaint of W. M. Downs. The officer was Bernard. Prisoner brought before W. E. Stuart, Mayor, for trial. Dismissed." While not formally offered or admitted in evidence, the entries, however, were withdrawn from the jury over the objection of the defendant, and thereby was eliminated the only record evidence or documentary proof of what actually occurred as regards the arrest and discharge of the accused, and, so far as material to defendant's liability, left only the oral testimony of his participation in procuring plaintiff's apprehension and arraignment, the sufficiency of which constitutes the only ground upon which he is chargeable.

Stated as strongly as it possibly can be in favor of the plaintiff, this testimony clearly is insufficient to sustain a verdict, if one had been rendered in favor of the plaintiff upon the first count, because there is not the slightest showing of malice or want of probable cause, both of which are necessary in an action for malicious prosecution. *Lyons* v. *Davy-Pocahontas Coal Co.*, 75 W. Va. 739. A declaration for malicious prosecution which omits these essential ingredients necessarily would be bad and subject to challenge by demurrer; *Tavenner* v. *Morehead*, 41 W. Va. 116; and if they are necessary to constitute a cause of action in such a case, the plaintiff could

not ultimately succeed upon the trial without showing by proof these essential elements of the cause averred.

The next question then is whether the proof is sufficient to sustain the averment of the second count of the declaration. Assuming a charge of false arrest or false imprisonment is made out, the two designations importing the same form of action, the plaintiff cannot prevail "for the gist of such action is the illegal detention of a person without lawful process or by an unlawful execution of such process." *Tavenner* v. *Morehead, supra; Roberts* v. *Thomas,* 135 Ky. 63; 21 Ann. Cas. 457, Note. As said in *Polonsky* v. *Penn. R. Co.,* 184 Fed. 558: "The gist of an action of false imprisonment is a trespass committed either personally or by procurement upon the body of the plaintiff. It is essential to the successful maintenance of the action that the act alleged to constitute the trespass is unlawful. That the trespass aforesaid consists in the arrest, incarceration, or detention of an innocent man is not of itself material. That the arrest of one who is innocent must be unlawful is naturally an attractive statement; but, if the forms of law be observed, such statement is not necessarily true. An arrest and consequent imprisonment may be unjust and mistaken, but, if it be lawful (i. e., in compliance with the technical requirements of statute or common law, as the case may be), then no trespass was committed, and the resort must be had to an action of trespass on the case" (i. e., for malicious prosecution).

Warrants were issued by Stuart, who as mayor was clothed with ample authority to issue them, upon complaints made by Officer Downs, and were executed by the arrest of the plaintiff by a proper officer in a lawful manner. This cannot be gainsaid and is not controverted, indeed plaintiff admits Downs informed her when she was taken into custody that he had a warrant for her arrest, and exhibited in her presence a paper which she supposed was such a process. She then certainly was apprehended lawfully and her detention was not illegal even if it be true, as testified to by the witness Wright, that the defendant said he had caused plaintiff to be taken into custody for the protection of his brother Joe. These characteristics readily differentiate the case from *Ruffner* v.

*Williams,* 3 W. Va. 243 and *Cole* v. *Radcliff,* 4 W. Va. 332, where the acts complained of were done without the semblance of lawful authority by roving bands of raiders acting in aid of the confederate cause during the Civil War and where there were all the elements of false or unlawful imprisonment. Had plaintiff been taken and detained in custody without the authority of a legal process, or as in *Williamson* v. *Glen Alum Coal Co.,* 72 W. Va. 288 and *Comisky* v. *Railroad Co.,* 79 W. Va. 148 where the warrant did not charge a legally cognizable offense, indeed no offense at all, or as in *Howell* v. *Wysor,* 74 W. Va. 589, where the warrant was wholly void, or as in *Turk* v. *Railroad Co.,* 75 W. Va. 623, where arrests were made without warrants, and had defendant instigated the arrest without pursuing the formality of a complaint and warrant and given aid, comfort, counsel, direction and encouragement to the officers engaged in effecting the apprehension, he would be chargeable with the wrong and injury done, as held in *Ruffner* v. *Williams* and *Cole* v. *Radcliff, supra.* Nor must this case be confused with cases where an arrest is made without a warrant for a misdemeanor not committed in the presence of an officer.

Having failed to show malice and want of probable cause, plaintiff properly was refused relief upon the first count of the declaration, and there being a variance between the averments of the second and the proof offered to support them, it results that the judgment under review must be affirmed.

*Affirmed.*