HARRY VORHOLT *v.* AMBROSE F. VORHOLT.

(No. 6980)

Submitted October 13, 1931. Decided October 20, 1931.

*A. M. Belcher,* for plaintiff in error.

*T. C. Townsend* and *Ben Moore,* for defendant in error.

MAXWELL, JUDGE:

This is an action for malicious prosecution and false imprisonment. The trial court sustained defendant's demurrer to the declaration and each count thereof and dismissed the action. Writ of error was awarded plaintiff.

The action grows out of a proceeding before the lunacy commission of the county of Kanawha for the purpose of inquiring into the sanity of the plaintiff. The defendant caused the warrant to be issued in that proceeding. The commission found, the plaintiff not to be insane and discharged him.

The first count of the declaration is for malicious prosecution. It sets forth at length the alleged facts and circumstances attendant upon the institution of the lunacy proceeding and the prosecution thereof by the defendant and the motives which prompted him therein. This count contains the essential technical averments of malicious purpose on the part of the defendant in causing the warrant to be issued, and want of probable cause for so doing, and avers that the plaintiff was discharged by the lunacy commission upon a full hearing under the allegations of the warrant. We do not perceive error in this count and are of opinion that the trial court should have overruled the demurrer to the same. *Vinal* v. *Core et al.,* 18 W. Va. 1; *Tavenner* v. *Morehead,* 41 W. Va. 116; *Finney* v. *Zingale,* 82 W. Va. 422.

The second count also purports to charge malicious prosecution. It contains matters, however, which do not appear in the first count. Matters of evidentiary nature are set forth at length. It is fundamental that such averments are not within the rules of pleading. Stephen on Pleading (3rd Ed.),

p. 310. Among other extraneous matters, averment is made of a proceeding in lunacy against the plaintiff, instigated by the defendant, prior to the proceeding upon which this action is based; that that proceeding likewise terminated in the discharge of the plaintiff and that thereafter he instituted an action for damages against the defendant and others which resulted in a verdict in favor of the defendants. It is averred in the count that this matter is set forth ''for the purpose of showing the system, purpose, the maliciousness and intent of the said defendant in support of count No. 1 of this declaration.'' In support of further allegations of this count on a matter of evidential nature not necessary to be recited in this opinion, there is purported to be filed with the count, as part thereof, a separate paper marked for identification ''Exhibit A.'' The rules of common law pleading do not permit the making of separate papers parts of the declaration. Disapproval of such attempted pleading is not new in this jurisdiction. *Pingley* v. *Pingley,* 84 W. Va. 433; *Hall* v. *Coal & Coke Co.,* 89 W. Va. 55; *Laurenzi* v. *Distilling Co.,* 90 W. Va. 794; *Hamrick* v. *Nutter,* 93 W. Va. 115. There is so much extraneous and improper matter in this count that the trial court properly condemned the count in its entirety.

The third count purports to charge false imprisonment. Its initial averment is that the ''defendant, without any just, legal or other cause therefor, swore out a warrant before Roscoe Moulton, Clerk of the County Court of Kanawha County and as such, one of the Lunacy Commission of the County of Kanawha, State of West Virginia, charging this plaintiff with being mentally incompetent and insane.'' Allegations of arrest, unlawful restraint and imprisonment follow. In determining whether this count is good, consideration must be given to fundamental principles. The two causes of action, malicious prosecution and false imprisonment, are often confused, though they are basically, fundamentally and essentially different.

The gist of an action for malicious prosecution is malicious purpose and lack of probable cause. *Tavenner* v. *Moorehead, Supra.* The gist of an action for false imprisonment is the

illegal detention of a person without lawful process or by an unlawful execution of such process. *Finney* v. *Zingale, supra.* "Put briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority." 25 Corpus Juris, page 444. The court of appeals of Kentucky thus concisely differentiates the two causes of action in *Roberts* v. *Thomas,* 135 Ky. 63; 21 Am. & Eng. Ann. Cases, p. 456: "An action for false imprisonment may be maintained where the imprisonment is without legal authority. But, where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution. The want of lawful authority is an essential element in an action for false imprisonment. Malice and want of probable cause are the essentials in an action for malicious prosecution." So fundamental is this distinction that at common law the appropriate action for false imprisonment was tresspass because of the unlawful laying hold of the person *vi et armis,* (1 Chitty on Pleading, (11th Am. Ed.), p. 167), while the appropriate action for malicious prosecution was trespass on the case (1 Chitty, id p. 133), unlawful physical exertion not being an element. This distinction in forms of action for personal wrongs of course does not obtain in West Virginia. We inherited from the Old Dominion a statute which made an action of trespass on the case applicable wherever an action of trespass would lie. Virginia Code 1860, chapter 148, section 7; West Virginia Code 1923, chapter 103, section 8. By our Code of 1931, the action of trespass is abolished. Code 1931, 55-7-10. But the merging thus of all trespass actions into trespass on the case does not in any manner affect the basic distinctions between false arrest and malicious prosecution. Though the former, also, may now be redressed in trespass on the case, there is no modification of the essential averments necessary to maintain the same, nor is there any change in the effect of averments the presence of which in a count destroy it as one predicated on false imprisonment.

It appearing from averments of the third count that the arrest, detention and imprisonment complained of were incident to the execution of a warrant for arrest issued by a public official having authority to issue the same, it follows, under the authorities above noted, that an action (count) for false imprisonment is an inappropriate remedy. ''If the imprisonment is under legal authority it may be malicious but it cannot be false.'' 25 Corpus Juris, page 445. Public officers are presumed to have discharged their duties regularly and legally. Mechem's Public Officials and Officers, sec. 579; 22 Ruling Case Law, p. 472; 22 Corpus Juris, p. 136; Jones on Evidence (De Luxe Ed.) sec. 41. The principle is embodied in the ancient maxim *omnia praesumuntur rite et solemniter esse acta.* In the absence of specific allegation of insufficiency or irregularity in the warrant under which the plaintiff was arrested, it must be assumed that it was regular. Under that situation there is no cause of action for false imprisonment. ''An arrest and imprisonment under valid process furnish no cause of action for false imprisonment.'' *Gordon v. West,* 129 (Ga.) 532. For the reasons thus set forth, and under the authorities cited, we are of opinion that the trial court properly sustained the demurrer to this count.

We affirm the trial court in sustaining the defendant's demurrer to counts two and three of the declaration, and overrule the trial court and reverse the judgment in sustaining the demurrer to the first count.

*Affirmed in part; reversed in part.*