GRANT BLEVINS *and* DALE COMER *v.* CHESAPEAKE & OHIO RAILWAY COMPANY

(No. 7623)

Submitted November 9, 1933. Decided November 21, 1933.

*Fitzpatrick, Brown & Davis, C. W. Strickling* and *Jackson N. Huddleston,* for plaintiff in error.
*Lilly & Lilly,* for defendants in error.

HATCHER, JUDGE:

Blevins and Comer brought separate actions against the defendant railway company alleging both false arrest and

malicious prosecution. By agreement the two actions were tried together before the same jury and one record made. A separate judgment of $2,999.00 was rendered in favor of each plaintiff. Writs of error were granted the defendant.

The facts material to our decision are as follows: On the night of Wednesday, April 17, 1929, a metal brake-shoe was placed in a switch frog on a main line track of defendant. This brake-shoe was struck by a train running at a restricted speed and little, if any, damage was caused. The defendant had the matter investigated at once by a Mr. Grimm and two other of its special officers. The officers shortly secured a confession from one Carlin Pennington who implicated the two plaintiffs herein. Grimm then made a complaint before a justice of the peace on Friday night, April 19, 1929, who at that time issued a joint warrant (regular in all respects) for the arrest of the plaintiffs. The warrant was not served that night and the following morning (Saturday) the justice on his own initiative issued separate warrants for each of the plaintiffs and delivered the warrants to the officers. The plaintiffs were arrested on Saturday, April 20th. There is a controversy as to whether or not they were arrested before the separate warrants were issued. After arrest, Comer confessed in writing that he took part in placing the shoe in the switch. Blevins denied any connection with the affair. The justice held both for the grand jury. Indictments were returned against both, but were subsequently nolled without trial. What actuated the prosecuting attorney in making the nolles does not specifically appear.

Upon the trial of the instant cases, both plaintiffs presented testimony tending to establish alibis in relation to blocking the switch. Comer denied any connection with the crime and repudiated his confession under claim that it was extorted from him (after his arrest) by intimidation and threats of the officers. Blevins testified that he was also subjected after his arrest to some ''third degree'' work by the officers. They denied any threats or intimidation.

The declaration in each case contains two counts, one for false arrest and one for malicious prosecution. At the close of the evidence the defendant moved the court to instruct the jury that the plaintiffs had been arrested under lawful process

and that the jury should find for the defendant as to the count in each declaration charging false arrest. This instruction was refused. Thereupon the following special interrogatories were propounded to the jury in case it found for the plaintiff: ''1. Do you find that there was a false arrest under the first count of the declaration in this case? 2. Do you find that there was a malicious prosecution under the second count of the declaration in this case?'' The jury answered ''yes'' to each interrogatory.

Several errors are charged to the trial court by the defendant, but they become inconsequential in view of our holding on the instruction requested by defendant as to the charges of false arrests. The brief of the plaintiff would sustain the action of the trial court thereon by (1) the evidence of Comer to the effect that when he was arrested no warrant was produced and one of the officers told him no warrant was needed; and (2) the evidence of William Thompson (an attorney who represented Blevins at the hearing) that officer Grimm said he did not have a warrant at the time Blevins was arrested and that no warrant had been issued at that time. The officers denied making those statements. Whether or not the statements were made is immaterial. The facts remain that the joint warrant *was issued Friday night before* the arrest of the plaintiffs on Saturday, and that the warrant was in the hands of the officers at the time of the arrests.

In the opinion of *Vorholt* v. *Vorholt,* 111 W. Va. 196, 198-9, 160 S. E. 916, 917, Judge Maxwell carefully demonstrated that a false arrest and a malicious prosecution are ''basically, fundamentally and essentially different''. That difference was recognized by each pleader in making two separate counts in each declaration herein and was emphasized in the instruction offered by defendant and the ruling of the trial court thereon, as well as in the interrogatories submitted to the jury. Because the joint warrant had been issued prior to the arrests, the jury was not warranted in finding that the arrests were illegal, and they should have been so instructed by the court. Since the jury did find that the defendant (through its officers) was guilty of both false arrest and malicious prosecution, it is, of course, impossible for a court to say how much of each verdict is attributable to the finding

of false arrest and how much to the finding of malicious prosecution.

Therefore the judgments must be reversed, the verdicts set aside, and a new trial awarded the defendant.

*Reversed; verdicts set aside; new trials awarded.*