WALLACE, JUDGE:
According to the Stipulation of Facts filed by the parties to this claim, the claimant, Lewis Dale Metz, issued a worthless check in the amount of $130.00 and was sentenced by the Circuit Court of Ritchie County, West Virginia, to serve a term of 1-5 years effective August 25,1974. The claimant served two years at the Huttonsville Correctional Center and was released on parole March 31,1976. The following year he was arrested for parole violations. A parole revocation hearing was conducted, resulting in the revocation of his parole, and he was returned to Huttonsville on May 26, 1977.
A hearing was held on a petition for a writ of habeas corpus on August 19, 1977, and Judge Hey of the Circuit Court of Kanawha County issued the writ and released the claimant from further confinement.
On August 25, 1977, this claim was filed by the claimant seeking $5,000.00 in damages allegedly sustained “as a result of his illegal and unjust confinement” at Huttonsville Correctional Center.
West Virginia Code §53-4-10 provides, in part: “Any judgment entered of record shall be conclusive, unless the same be reversed, except that the petitioner shall not be precluded from bringing the same matter in question in an action for false imprisonment.”
The gist of an action for false imprisonment or false arrest is the illegal detention of a person without lawful process, or by an unlawful extension of such process. Finney v. Zingale, 95 S.E. 1046, 82 W.Va. 422 (1918). According to the Stipulation, claimant Metz was arrested by Parole Officer Bob Willis on April 1, 1977. He was served with seven parole violations.
*293 The want of lawful authority is an essential element in an action for false imprisonment. Vorholt v. Vorholt, 160 S.E. 916, 111 W.Va. 196 (1931). There was no allegation by the claimant of the lack of lawful authority in his arrest and detention. The parole officer served the claimant with the parole violations, and the law provides that no action for false imprisonment will lie if “the arrest, detention and imprisonment complained of were incident to the execution of a warrant for arrest issued by a public official having authority to issue the same.” Vorholt, supra.
If there is no warrant, or an insufficient warrant, backing an arrest and imprisonment, there can be an action for false imprisonment. In Williamson v. Glen Alum Coal Company, 78 S.E. 94, 72 W.Va. 288 (1913), the warrant issued charged no offense and was void on its face. Claimant in the instant case was served with seven violations of his parole. The precise listing of alleged offenses validly supports the subsequent arrest.
An arrest is not necessarily unlawful so as to afford ground for an action of false imprisonment because the plaintiff was innocent of the offense for which the arrest was made, if the forms of law were observed. Finney v. Zingale, 95 S.E. 1046, 82 W.Va. 422 (1918). It is true that a writ of habeas corpus was granted to the claimant in this case, and that Judge Hey released him from confinement, reversing the decision of the Board of Probation and Parole. But, as said in Polonsky v. Penn. R. Co., 184 Fed. 558:
“That the arrest of one who is innocent must be unlawful is naturally an attractive statement; but, if the forms of law be observed, such statement is not necessarily true. An arrest and consequent imprisonment may be unjust and mistaken, but, if it be lawful (i.e., in compliance with the technical requirements of statute or common law, as the case may be), then no trespass was committed...”
The Court finds that the process was lawful and that there was no illegal detention of the claimant. However, an abuse of a lawful arrest can also be false imprisonment; such as cruelly treating the arrested person, insulting him, imposing on him undue hardships. Gillingham v. Ohio Riv. R’d. Co., 35 W.Va. 588 (1891). The record in the instant case reveals no ill treatment of claimant Metz, either at the time he was arrested by the parole officer or during his period of detention.
*294 Accordingly, the Court finds that the claimant has failed to establish the elements constituting false imprisonment, and disallows the claim.
Claim disallowed.