# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Douglas W. Smith II,**
**Plaintiff Below, Petitioner**

**vs)   No. 17-0521** (Ohio County 15-C-341)

**Lightning Energy Services, LLC,**
**Tom Buck, an individual, and Charles**
**Hamrick, an individual,**
**Defendants Below, Respondents**

**FILED**

**February 22, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Douglas W. Smith II, pro se, appeals the April 11, 2017, order of the Circuit Court of Ohio County awarding Respondents Lightning Energy Services, LLC, Tom Buck, and Charles Hamrick (collectively "respondent") summary judgment in petitioner's civil action. Respondent, by counsel Philip J. Sbrolla and Erica A. Cross, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner, a Pennsylvania resident who has a criminal record, worked for respondent as a salesperson promoting its services in the gas drilling industry from October of 2014 to January of 2015. During this time, petitioner was also serving a term of probation for theft by deception and writing "a bad check." On January 23, 2015, petitioner reported, as requested, to his Pennsylvania probation officer and failed a drug test. As a result of the failed test, petitioner was incarcerated in Pennsylvania.

Also, on January 23, 2015, the West Virginia State Police filed a criminal complaint against petitioner in the Magistrate Court of Ohio County, West Virginia. The criminal complaint charged petitioner with two counts of fraudulent use of a corporate credit card belonging to respondent in Wheeling, West Virginia, on January 3, 2015. According to the complaint, petitioner used the credit card to make two "unauthorized" purchases at a Sheetz store in the amounts of

1

$211.90 and $215.85. Finding probable cause to believe that petitioner committed the offenses, a magistrate issued a warrant for petitioner's arrest.

Petitioner was served with the West Virginia charges while incarcerated in Pennsylvania and was consequently transferred to this State and arraigned on February 20, 2015. At a March 10, 2015, preliminary hearing, the investigating officer, Trooper Heckler, and respondent's chief financial officer, Tom Buck, testified on behalf of the State. On cross-examination, petitioner questioned each witness regarding a January 2, 2015, agreement between petitioner and respondent that any unauthorized purchases with his corporate credit card would be deducted from his paycheck. Specifically, petitioner asked Trooper Heckler whether the existence of the January 2, 2015, agreement meant that petitioner could not have intended to defraud his employer on the following day. Trooper Heckler testified that an intent to defraud could be inferred from petitioner's "inappropriate use of the [credit] card." By order entered on March 10, 2015, the magistrate found probable cause to bind the matter over for presentation to the Ohio County grand jury.

Prior to the presentation to the grand jury, petitioner and the State entered into an agreement pursuant to which the State, with respondent's consent, would dismiss the charges in exchange for petitioner "mak[ing] restitution." Accordingly, petitioner reimbursed respondent for the unauthorized purchases in the total amount of $427.75 and his criminal case was dismissed, with prejudice, by order of the Circuit Court of Ohio County entered April 27, 2015.[1] Thereafter, West Virginia discharged petitioner from incarceration and he returned to his home in Pennsylvania. After a week at home, petitioner's probation officer re-incarcerated him "until [Pennsylvania] received proof" of the dismissal of the West Virginia charges. Petitioner was released from that incarceration on May 5, 2015.

On November 30, 2015, petitioner filed a civil action against respondent alleging false imprisonment, malicious prosecution, abuse of process, defamation, and intentional or reckless infliction of emotional distress. Petitioner sought unspecified compensatory and punitive damages. Following an agreed extension of time, respondent filed an answer on February 8, 2016. On December 2, 2016, respondent took petitioner's deposition. Respondent filed a motion for summary judgment on March 6, 2017, with various exhibits attached, including the transcript of petitioner's December 2, 2016, deposition, and the transcript of the March 10, 2015, preliminary hearing in his criminal case. Petitioner filed no response, but appeared for the hearing on the motion on March 22, 2017. By order entered April 11, 2017, the circuit court specifically noted that it had considered the arguments of both parties, finding that petitioner "reiterated the claims made in his [c]omplaint." The circuit court found that respondent's summary judgment motion was well-supported, explaining that petitioner "failed to present any evidence or cite to any portion of the discovery record in support of his opposition to [respondent's] [m]otion[.]" Accordingly, the circuit court concluded that there was no genuine issue of material fact and awarded respondent summary judgment.

---

[1]We take judicial notice of the record of petitioner's criminal case, Magistrate Court Nos. 15-F-15 and 15-F-16/Circuit Court No. 15-B-18.

Petitioner now appeals from the circuit court's April 11, 2017, order, awarding respondent summary judgment. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In syllabus point four of *Painter*, we held that "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." 192 W.Va. at 190, 451 S.E.2d at 756.

In *Riffe v. Armstrong*, 197 W.Va. 626, 640, 477 S.E.2d 535, 549 (1996), *modified on other grounds*, *Moats v. Preston County Comm'n*, 206 W.Va. 8, 521 S.E.2d 180 (1999), we found that, while a claim for false imprisonment may be maintained when the imprisonment is without legal authority, "where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution." (quoting *Vorholt v. Vorholt*, 111 W.Va. 196, 199, 160 S.E. 916, 918 (1931)).[2] "To maintain an action for malicious prosecution it is essential to prove: (1) [t]hat the prosecution was malicious; (2) that it was without reasonable or probable cause; and (3) that it terminated favorably to plaintiff." Syl. Pt. 3, *McCammon v. Oldaker*, 205 W.Va. 24, 516 S.E.2d 38 (1999) (Internal quotations and citations omitted.).

"Generally, abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by that process." Syl. Pt. 3, *Williamson v. Harden*, 214 W.Va. 77, 585 S.E.2d 369 (2003) (Internal quotations and citations omitted.). In syllabus point one of *Crump v. Beckley Newspapers, Inc.*, 173 W.Va. 699, 320 S.E.2d 70 (1983), we held that "[t]he essential elements for a successful defamation action by a private individual are (1) defamatory statements; (2) a non[-]privileged communication to a third party; (3) falsity; (4) reference to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." We have further held:

> "In order for a plaintiff to prevail on a claim for intentional or reckless infliction of emotional distress, four elements must be established. It must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no

---

[2]Like in *Vorholt*, *see id.* at 200, 160 S.E. at 918, we find that there was no allegation of insufficiency or irregularity in the warrant under which petitioner was arrested. Similarly, we find that petitioner did not allege any insufficiency or irregularity in the manner in which the warrant was issued. *See Riffe*, 197 W.Va. at 640-41, 477 S.E.2d at 549-50 (discussing cases in which a warrant valid on its face was not legally sufficient).

3

reasonable person could be expected to endure it." Syl. pt. 3, *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 369, 504 S.E.2d 419 (1998).

Syl. Pt. 5, *Williamson*, 214 W.Va. at 78, 585 S.E.2d at 370.

On appeal, petitioner argues that he should be allowed to proceed to trial on his claims. Respondent counters that the circuit court properly awarded it summary judgment. We agree with respondent. Though petitioner claims that there is evidentiary support for his causes of action, he acknowledges that he failed to point to such evidence at the hearing on respondent's motion. As found by the circuit court, petitioner merely "reiterated the claims made in his [c]omplaint." We concur with the circuit court's finding that this was insufficient to defeat a well-supported motion for summary judgment. As we held in syllabus point three of *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995):

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Accordingly, based on our review of the record, we find that there was no genuine issue of material fact and that respondent was entitled to judgment on petitioner's claims as a matter of law. Therefore, we conclude that the circuit court did not err in awarding respondent summary judgment.

For the foregoing reasons, we affirm the circuit court's April 11, 2017, order awarding summary judgment to respondent.

Affirmed.

**ISSUED**:   February 22, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4