## CHARLESTON.

WILLIAMSON *v.* GLEN ALUM COAL COMPANY *et al.*

Submitted February 27, 1912.   Decided April 15, 1913.

1.   FALSE IMPRISONMENT—*Warrant Charging No Offense.*
     Where the act charged in a warrant issued by a justice amounts to no criminal offense, arrest and imprisonment under such warrant is illegal, and those who actively direct and cause the same are liable in the action for false imprisonment. (p. 289).

2.   SAME—*Illegal Arrest.*
     Illegal arrest and imprisonment, regardless of malice or probable cause, will sustain the action for false imprisonment. (p. 291).

3.   SAME—*Evidence—Record of Arrest.*
     The record of the case in which the arrest and imprisonment occurred, on appeal from the justice, showing the procedure

therein and the dismissal thereof, is admissible as evidence tending to prove illegality of the arrest and imprisonment. (p. 291).

Error to Circuit Court, Mingo County.

Action by Simeon Williamson against the Glen Alum Coal Company and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Sheppard, Goodykoontz & Scherr,* for plaintiffs in error.

*Marcum & Marcum,* for defendant in error.

ROBINSON, JUDGE:

Defendants, a coal company and its special police officer, caused and procured the arrest and imprisonment of plaintiff. Averring that the arrest and imprisonment were illegal, plaintiff sought damages by this action. He has judgment. What we shall say in a general way will sufficiently cover the points of error assigned.

The declaration plainly sets forth a case of false arrest and imprisonment. The evidence quite as plainly proves such a case. It fully warrants the verdict on which the judgment was entered. Nor do we find error in any ruling of the court during the trial.

That plaintiff committed no offense for which he could lawfully be arrested and imprisoned is clearly disclosed. He did nothing but throw an advertising hand bill into a lot, at one of the residence properties of the coal company. This may have been a technical civil trespass, but it was no criminal offense. Yet he was arrested on the spot, taken before a justice at the office of the coal company, fined, and in default of payment sent to the county jail. He was released from the imprisonment by the writ of habeas corpus. Whether a warrant of any kind existed at the time of the hearing before the justice appears from the facts and circumstances proved to have been an open question for jury determination. Defendants' evidence tends to prove the existence of a warrant, but there are circumstances tending otherwise. Conceding that there was such a warrant as the one which defendants relied on at the trial of this action, we find that it furnishes

no justification for the arrest and imprisonment. It is wholly irregular and void. It charges no criminal offense. It vouches no jurisdiction of the justice in the premises. It charges plaintiff with an act which is no criminal offense under the laws of this State. Its charge is that plaintiff "did commit a *misdr* by *tresspassing* on real estate by *scatering* bills on the property of the Glen Alum Coal Company against the peace and dignity of the state." Plainly no criminal offense is stated here —no jurisdiction of the justice shown. "It does not follow that, because plaintiff was a trespasser in the eye of the law relating to a civil action for damages against him, he was guilty of a criminal offense." *Davis* v. *Railway Co.,* 61 W. Va. 247. So there was absolutely no warrant of law backing the arrest and imprisonment of plaintiff. No wonder that he was speedily released by the writ of habeas corpus.

"The constituent elements of false imprisonment are, first, the detention or restraint, and second, the unlawfulness of the detention or restraint." 12 Amer. & Eng. Enc. Law 733. Now, as against defendants, both these elements convincingly appear. That plaintiff was arrested and imprisoned at their active instigation and procurement is not contradicted; that it was done illegally can not be gainsaid from the record. "If no crime is charged, or if the act charged amounted to no crime for which arrest may be lawfully made, the arrest is illegal." 2 Amer. & Eng. Enc. Law 900; Newell on Malicious Prosecution and False Imprisonment 67, 89; *Coffin* v. *Varila,* 8 Tex. Civ. App. 417; *State* v. *Leach,* 7 Conn. 453; *Duckworth* v. *Johnston,* 7 Ala. 578; *Moore* v. *Watts,* 1 Ill. 18, *Shergold* v. *Halloway,* 2 Strange 1002; 1 Chitty on Pleading 184.

Where the warrant is irregular and void, or where it is irregular though not void but is afterwards quashed or set aside for irregularity, the prosecurtor is liable to the action for false imprisonment. 2 Tucker's Commentaries 71; Newell 90. The so-called warrant in this case charged no offense and was void on its face. This alone made defendants, who actively institgated, directed, and procured the arrest and imprisonment of plaintiff under it, liable in trespass. The warrant was so grossly irregular as to be promptly set aside on a hearing in habeas corpus, and to call for a dismissal of the charge on appeal from the justice.

This was not a case of malicious prosecution.     Malice or probable cause were not necessarily pertinent to it.     The illegal arrest and imprisonment, regardless of malice or probable cause, will sustain the action.     *Parsons* v. *Harper,* 16 Grat. 64.     The instructions relating to malice and probable cause which were asked by defendants were not fitting to the case as made by the pleadings and evidence, and were properly refused.     Nor do we find error in the exclusion of the two other instructions asked by defendants, and in the giving of the instruction for plaintiff.

The record of the case in which the arrest and imprisonment occurred, on appeal from the justice, showing the procedure therein and the dismissal thereof, was admissible as evidence tending to prove illegality of the arrest and imprisonment.     *Parsons* v. *Harper, supra.*

An order affirming the judgment will be entered.

*Affirmed.*