# CHARLESTON

HOWELL v. WYSOR *et als.*

Submitted June 16, 1914.    Decided June 23, 1914.

1. APPEAL AND ERROR—*Harmless Error—Admission of Evidence.*
     While the loss and contents of a warrant offered in evidence and connected with a legal proceeding should ordinarily be proved by the legal custodian of such paper, rather than by other witnesses, yet if the fact and contents of such paper otherwise sufficiently

appear from other parts of the record to which the paper belongs, admitted in evidence, the admission of the evidence of such other witness will not constitute reversible error.  (p. 591).

2.  FALSE IMPRISONMENT—*Void Warrant—Exclusion of Evidence.*

On the trial of an action for false imprisonment and assault, the truth of the matter charged in a void warrant on which plaintiff was unlawfully arrested, is immaterial.  (p. 591).

3.  CRIMINAL LAW—*Husband and Wife—Prosecution for Non-Support —Power to Issue Warrant.*

Notaries Public, by section. 4, chapter 51, serial section 2798, Code 1913, constituted conservators of the peace, have no authority as such to issue warrants, returnable before themselves, or before justices of the peace, for violations of section 16c II, chapter 144, serial section 5174, Code 1913; nor is any one unless the wife or an agent of the West Virginia Humane Society, authorized to make such complaints.  (p. 591).

4.  SAME—*Powers of Notaries—Breach of the Peace—Summary Trial— Jurisdiction.*

The authority of notaries public, as well as of justices, as conservators of the peace, not being otherwise prescribed by statute, is limited to the powers possessed by conservators of the peace at common law, prior to the enactment of St. 1 Ed. iii, c. 16, authorizing the appointment of justices of the peace.  Those duties were to prevent and arrest for breaches of the peace, in their presence, but not to arraign and try the offender.  (p. 592).

5.  FALSE IMPRISONMENT—*Instructions—Amount of Recovery.*

There was no reversible error in the giving and refusing of the instructions in this case.  (p. 593).

6.  SAME—*Excessive Damages.*

Nor can we judicially say the verdict and judgment for plaintiff for $200.00 was excessive.  (p. 594).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Mercer County.

Action by Mark Howell against J. M. Wysor and others. Judgment for plaintiff, and defendant Wysor brings error.

*Affirmed.*

*Woods & Martin,* for plaintiff in error.

MILLER, PRESIDENT:

Of the three counts of the declaration, the first charges

malicious prosecution, the second false imprisonment, and the third assault and battery.

On the trial, when defendants proposed to prove by sundry witnesses the truth of the charge in the warrant upon which plaintiff was arrested, plaintiff objected and withdrew the first count, and announced that he relied solely on the second and third counts.

There was a verdict and judgment for plaintiff for $200.00, and which by the present writ of error defendants seek to reverse.

The first point of error is that the court permitted plaintiff to prove by himself and his counsel, in place of the clerk or custodian of the court papers, the probable loss and contents of the original warrant issued by defendant Wysor, as notary public, in place of offering the clerk into whose hands the evidence tended to show the warrant had been placed by plaintiff's counsel, along with all the other court papers, at the close of a previous trial. Plaintiff's counsel swore he had examined the court papers, and was unable to find the warrant. A. certified transcript of the docket of the justice, before whom plaintiff was tried on the warrant, admitted in evidence, showed the issuance of the warrant, the appearance of the accused, trial, acquittal, and discharge. The certificate of the justice to the transcript certified also that he had delivered the original warrant to plaintiff's counsel before the previous trial. It ˋmay have been technical error to attempt to prove the loss and contents of the warrant by plaintiff and his counsel, instead of by the clerk, but as the transcript of the justice showed the fact of the issuance of the warrant, the character of the charge, failure of plaintiff to support his wife and children, his arrest, and the result of the trial, we do not think the error was material or prejudicial. The issuance of the warrant, and the arrest, were facts conceded on the trial, and there was an attempt to justify on the truth of the charge, showing want of malice. We do not think the error such as calls for reversal.

The second ground of error is the refusal of the court to permit defendants to show the truth of the charge made in the warrant. As plaintiff withdrew his first count, charging

malicious prosecution, we do not think the court erred.  The truth of the matter charged was immaterial on the trial for false imprisonment.  The court below permitted evidence to show the friendly feeling and good will of defendants towards plaintiff, at and before his arrest.  This was as much as defendants were entitled to on the trial of the second and third counts.  It is conceded that the warrant issued by Wysor, notary public, on complaint of defendant Hughes, and addressed to and executed by defendant McClentock, a deputy sheriff, charging plaintiff with non support of his wife and children, made a misdemeanor by section 16c I, chapter 144, serial section 5173, Code 1913, was an illegal proceeding, and upon which defendants could not legally justify false imprisonment or assault.

That the warrant was void, we think clear, first, because Wysor, as notary public, had no jurisdiction in the premises.  Section 16c II, of said chapter 144, serial section 5174, Code 1913, gives justices of the peace jurisdiction to issue such warrants, but not notaries public:  Second, because Hughes, who made the complaint, is not of the classes of persons authorized by said section 16c I, to make such complaint.  By that section "the wife or any agent of the West Virginia Humane Society" may make such complaint.  Hughes was therefor an intermeddler, unauthorized.  We do not overlook section 4, chapter 51, serial section 2798, Code 1913, respecting notaries, prescribing, among other things, that "He shall also be a conservator of the peace within his county, and as such conservator shall exercise all the powers conferred by law upon justices of the peace."  This statute confers on him none of the judicial powers of a justice; but only the power of a justice as a conservator of the peace.

Anciently and prior to Statute 1 Ed. iii, chapter 16, authorizing the appointment of justices of the peace, "Conservators of the Peace", were common law officers, elected by the people.  Their duties as such were to prevent and arrest for breaches of the peace in their presence, but not to arraign and try the offender.  6 Chitty's English Statutes, (6th Ed.) 775, and note; *Smith* v. *Abbott*, 17 N. J. Law, (2 Har.) 358, 366; *In re Barker*, 56 Vt. 14, 20.  Section 28, article 8, of

our Constitution, prescribing the jurisdiction of justices of the peace, says, among other things, "they shall be conservators of the peace." This plainly meant to confer on them the powers anciently exercised by the common law officers.- Wherefore, we construe said section 4, chapter 51, of the Code, making notaries conservators of the peace, and as such giving them the same jurisdiction as justices, as limiting them strictly to the powers of justices as such conservators, and as not conferring judicial powers. 29 Cyc. 1068-1070. At page 1070, it is said, of the office of notary, among other things: "In general the office is ministerial and not judicial; but in some jurisdictions it has been held with respect to particular acts that notaries act judicially." The only case of that kind in this state, so far as we recall, is *Henderson* v. *Smith*, 26 W. Va. 829, holding that the official act of a notary in taking and certifying the acknowledgment and privy examination of a married woman to a deed was in the nature of a judicial act, and that though imperfectly performed, the evidence not showing malice, or corrupt or impure motive, he was not liable in damages for such act. The opinion gives the reason for this holding. In that case, however, the damages accrued from the imperfect exercise of authority conferred. In the case at bar there was no authority whatever for the act attempted. The writ in this case being void, issued by an officer without authority, on the complaint of one not authorized, though directed to an officer with authority to execute lawful writs of justices constituted no protection to any of the defendants for false imprisonment or assault.

The third ground of error assigned is the rejection of defendants' instruction to the jury to find for them. As this instruction was based on defendants' theory that plaintiff's case failed for want of proof of the original warrant, enough has been said to show want of merit in this point.

The fourth point is that the court erroneously rejected defendants' instruction to the jury No. 2, saying that though they must find for plaintiff, the amount was entirely with them, and which might be any where between the amount sued for and one cent. Such an instruction, we think, would

have been misleading. True no elements of damage were proven, except loss of time, and the humiliation from the arrest. One cent would have been little compensation for such injury. The jury might have misconstrued such an instruction. The court gave for defendants instruction No. 3, telling the jury, according to the rule in *Ogg* v. *Murdock*, 25 W. Va. 139, that they could only allow plaintiff compensatory damages, that is, damages to indemnify him, and not vindicative or punitive damages. This instruction sufficiently covered the question of damages, we think.

Lastly, it is suggested the verdict is excessive. We doubt whether in morals plaintiff was entitled to any verdict. Wysor and wife were his neighbors and friends, and out of their own substance had supplied plaintiff's wife and little children with the necessary food when he was neglecting them and they were crying for food. Wysor and the other defendants were evidently inspired by proper motives, but as often happens, evil has been returned for good. The jury, however, and not ourselves, are the judges, and seeing no error in the record for which we would be authorized in reversing the judgment, it must be affirmed. Judgment affirmed.

*Affirmed.*