# CHARLESTON.

### LESTER B. ALLEN v. EUGENE LOPINSKY.

Submitted September 25, 1917.   Decided October 2, 1917.

1. FALSE IMPRISONMENT—*Causing Arrest by Officer—Liability.*

    If, in an action against a private person for having caused the arrest and imprisonment of the plaintiff, without a warrant and for a misdemeanor, the proof shows the defendant merely requested the officer to make the arrest and suggested the requirement of a warrant and that the officer, after having expressed his opinion that, in view of the circumstances as represented to him by eye witnesses of the offense, a warrant was unnecessary, made the arrest without the assistance or participation of the defendant, there is no right of recovery, upon the evidence, and the court, if requested so to do, should direct a verdict for the defendant. (p. 14).

2. SAME—*Provocation—Punitive Damages.*

    In an action for a false arrest and imprisonment made or caused by a private person, upon a sudden and gross provocation and without any previous animosity, punitive damages are not re-coverable.   (p. 16).

3. SAME—*Punitive Damages—Recovery.*

    Such damages, when recoverable, cannot be allowed in addition to the compensatory damages, unless the latter are inadequate as punishment of the offender. (p. 16).

4. INFANTS—*Confinement in Jails—Statute.*

    A satute making it unlawful for the custodian of a penal or reformatory institution in which children and adult prisoners or convicts are confined, to confine a child in the same building with adult prisoners or convicts, is not violated by a private person upon

whose request an infant is arrested and imprisoned in a jail containing adult prisoners, in the absence of proof of a demand or request by the instigator of the arrest, that the jailer confine the infant in the jail, made with knowledge that, at the time, it contained such prisoners. (p. 17).

Error to Circuit Court, McDowell County.

Action by Lester B. Allen, by his next friend, against Eugene Lopkinsky. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded for new trial.*

*Anderson, Strother, Hughes & Curd,* and *Strother, Taylor & Taylor,* for plaintiff in error.

*Graham Sale,* for defendant in error.

POFFENBARGER, JUDGE:

The $1,500.00 judgment complained of was entered upon a verdict virtually directed by the court in an action for unlawful and malicious arrest and imprisonment, prosecuted by an infant suing by his next friend.

As the brief contains no discussion of the assignment of error based upon the overruling of the demurrer to the declaration, nor any argument in support thereof, that assignment is deemed to have been abandoned. Moreover, no defect in the declaration is perceived.

The arrest was actually made by the night watchman of the town of Welch, but upon the request of the defendant and without any warrant. A theory of the defense is that the defendant and the officer had sufficient information to constitute reasonable ground for belief that the plaintiff had committed a felony, just before he was arrested. For the plaintiff, it is contended that the information they had did not constitute such ground and that the arrest without a warrant, for a misdemeanor not committed in the presence of the officer, was unlawful. The defendant is an uncle of a boy whom the plaintiff had assaulted and knocked down in a street of the town of Welch, saying at the time, "I told you I would get you." This boy and others who were with him

at the time met the officer a few minutes afterward and reported to him that the plaintiff had waylaid and struck him with a rock. Having given this information, the injured boy and his companions went on to the store and residence of his uncle, which were in the same building. Soon afterwards, the officer arrived and the uncle, the defendant, told him he wanted the plaintiff arrested and put in jail that night, and said something about getting a warrant, but he, the officer, told him he did not think any warrant was needed as the plaintiff had hit the boy with a rock. Thereupon, the officer proceeded to the plaintiff's residence, arrested him and put him in jail where he remained for about nineteen hours, or until five-thirty of the next day, at which time he was released by order of the mayor. He was not put into a cell, but was locked in the corridor of the jail, in which there were two or three other prisoners. He and the injured party were both boys aged about fifteen years. Though the plaintiff denies having struck the Lopinsky boy with a rock, and says he merely struck him in the face with his fist, the blow was a very severe one. As a result of it, the boy fell and, when he got up, he was unable to stand and his companions had to assist him to his home.

As to the law of the case, the authorities are in practical unanimity. Under no circumstances, can a private person justify an arrest made without a warrant, by himself, or by an officer at his instance, for a misdemeanor, nor for a felony, unless the felony has been actually committed. *Reuck* v. *McGregor*, 32 N. Y. L. 70; *Rich* v. *McInerny*, 103 Ala. 345. A peace officer may legally arrest, without a warrant, for a misdemeanor committed in his presence, or for an offense not committed in his presence, if he has reasonable ground to believe the offense so committed was a felony, though it was not. *Muscoe* v. *Com.*, 86 Va. 443; *Porter* v. *State*, 52 S. E. 285; *State* v. *Evans*, 84 Am. St. 669; *Diers* v. *Mallon*, 50 Am. St. 598; R. C. L. p. 446.

Whether the officer had reasonable ground to believe the offense committed by the plaintiff was a felony is immaterial, since the action is not against him and what would justify him might not justify the defendant.

But, if he made the arrest of his own volition and in his official capacity, and not as the mere agent of the defendant, there is no right of recovery. *Layne* v. *C. & O. Ry. Co.*, 66 W. Va. 607; *McKain* v. *B. & O. R. Co.*, 65 W. Va. 233. These cases further assert that it is the province of the jury to determine in which capacity the officer acted, if the evidence leaves that question open and in doubt. In this case it does not. No witness swears the defendant directed or requested the officer to make the arrest without a warrant. On the contrary the evidence proves the defendant expressed a willingness to obtain a warrant and was induced to refrain from such action by the officer's representation that a warrant was unnecessary. Indeed, such is the clear import of the officer's uncontradicted testimony. If he had acted under a warrant, there would have been no liability for the arrest. The election to act otherwise was made by the officer, not the defendant.

In this state of the evidence, the instruction given at the instance of the plaintiff and directing a finding in his favor was clearly erroneous. It should have been refused and the instruction asked for by the defendant and directing an exactly opposite verdict given.

If the capacity in which the officer acted had been a question for the jury, the instruction given for the plaintiff would have been erroneous in another respect. It authorized a finding of punitive damages, upon the assumption of evidence of malice. The evidence clearly shows the direction for the arrest was made, upon a sudden and gross provocation, and there is a total lack of evidence of any previous ill-feeling toward the plaintiff or prejudice against him. Under such circumstances, only compensatory damages are recoverable. *Ogg* v. *Murdock*, 25 W. Va. 139. Moreover, the instruction violates the rule enunciated in *Claiborne* v. *Railway Co.*, 46 W. Va. 369, by its authorization of punitive damages in addition to compensatory damages, except in the case of insufficiency of the latter as punishment. Upon a new trial, the noted defects in the evidence may be supplied.

All of the instructions requested by the defendant, except the one directing a verdict for him, were in conflict with the

legal principles preliminarily stated herein, wherefore the court properly refused them.

In argument only, violation of sec. 16, ch. 46A, Barnes' Code, is relied upon as a ground of recovery. The part of that statute referred to prescribes rules to courts, magistrates and custodians of reformatory institutions. It inhibits commitment of any child to a jail or police station, and makes it unlawful for the custodian of any institution in which a child is confined and in which there are adult prisoners or convicts, to put it in the same building with such prisoners or convicts. As the defendant was not such a custodian, he could not have violated that statute. Its violation, if any,. was the act of the jailer. If the request or demand of a citizen that he violate the statute would impose liability on the party making the demand, there is no proof of any such demand or request by the defendant.

For the reasons stated, the judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and remanded for new trial.*