## STANDARD OIL CO. OF NEW JERSEY v. NEVILLE.

### No. 3116.

Circuit Court of Appeals, Fourth Circuit.

April 13, 1931.

Thomas B. Jackson and Brown, Jackson & Knight, all of Charleston, W. Va., for appellant.

M. M. Neely, of Fairmont, W. Va. (H. H. Rose, of Fairmont, W. Va., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WEBB, District Judge.

NORTHCOTT, Circuit Judge.

This is an action of trespass on the case, instituted in the circuit court of Marion county, W. Va., by Neville, administrator, plaintiff, against appellant, Standard Oil Company of New Jersey, defendant, for the alleged

wrongful death of plaintiff's decedent, Blair Idleman Neville, and removed by defendant to the United States District Court for the Northern District of West Virginia. Defendant pleaded the general issue to plaintiff's amended declaration, charging defendant, through one of its agents, with negligence in causing the death of decedent in an automobile accident. Trial was had in October, 1929, resulting in a hung jury. A second trial was had in July, 1930, resulting in a verdict and judgment for plaintiff in the sum of $8,600, from which judgment this appeal is prosecuted.

The plaintiff's decedent was killed in an automobile accident. When killed, he was driving his car with his brother, and his car was being followed closely by a car driven by an agent of the Standard Oil Company. The car driven by decedent was unexpectedly stopped by colliding with an approaching car, when the car driven by appellant's agent struck the decedent, who had been thrown out of his car, and killed him.

Two main questions are presented by appellant's attorneys as to error committed in the trial. The first of these is the question of the admission of a statement of appellant's agent made about forty-five minutes after the accident, when the agent had driven about ten or thirteen miles from the place where the accident happened; the statement being made to a man at a garage where the appellant's agent had gone to have his car examined. The statement made by the agent was to the effect that he had had a funny experience coming up the road a little while ago. There was an automobile wreck, and a man was killed, and that he thought he may have done it; that he was following the other car, and said, "I shut my eyes and went through, I don't know how I got through."

The trial judge admitted this statement on the ground that it was a part of res gestæ. The question as to whether a statement is a part of the res gestæ depends on the circumstances of each case, and there is no fixed rule by which the question can be decided. An examination of the authorities leads us to the conclusion that the statement made in the present case was too long after the happening and too much in the nature of a narrative of a past event to constitute a part of the res gestæ. 10 R. C. L. "Evidence," §§ 161, 162, 169, 173, 174; 22 C. J. "Evidence," pp. 451–469, §§ 543–557; Vicksburg & Meridian R. R. Co. v. O'Brien, 119 U. S. 99, 7 S. Ct. 118, 30 L. Ed. 299; Ambrose v. Young, 100 W. Va. 452, 130 S. E. 810.

It is well settled that an agent may not, outside of his duties, make admissions against the interests of his principal that will bind the principal. Calzavaro v. Planet S. S. Corp. (C. C. A.) 31 F.(2d) 885.

It is also true, however, that, where a statement of this kind is improperly admitted, the error is rendered harmless when the facts contained in the statement are unquestionably proven by other evidence, and in this instance the agent himself went upon the stand and testified that, when the accident happened, he shut his eyes and went through, and also testified that he had stated to decedent's father that he had found blood and hair upon his car. In addition to this, it was thoroughly proven by other witnesses that it was the car of the Standard Oil Company's agent that hit the man that was killed. In view of all this, we fail to see how the statement made by the agent and admitted by the court below could have in any way prejudiced the case of the appellant in the minds of the jury. It is clearly established that error in receiving proof of a declaration is harmless, where the fact sought to be proved is established beyond doubt by other evidence. 38 Cyc. 1419, et seq.; Gosh v. Lehigh & Wilkes-Barre Coal Company, 68 Pa. Super. Ct. 63; Lozier Automobile Exchange v. Interstate Casualty Company, 197 Iowa, 935, 195 N. W. 885; C. & O. Ry. Co. v. Ware, 122 Va. 246, 95 S. E. 183; Howell v. Wysor, 74 W. Va. 589, 82 S. E. 503, Ann. Cas. 1916C, 519; Chesapeake Stone Co. v. Holbrook, 168 Ky. 128, 181 S. W. 953, L. R. A. 1916D, 311; Smith v. St. Louis & S. F. R. Co., 96 Ark. 647, 132 S. W. 926; Van Eman v. Fidelity & Casualty Co., 201 Pa. 537, 51 A. 177; Pensacola, etc., R. R. Co. v. Anderson, 26 Fla. 425, 8 So. 127.

The second question raised is as to the refusal of two instructions requested on behalf of appellant in the trial below. An examination of these instructions leads us to the conclusion that they were properly refused, but, if they were not properly refused, the oral charge of the trial judge substantially covered the points raised in the instructions as far as they correctly stated the law. The charge of the trial judge was at least very fair to the appellant, and, if anything, went too far in his favor. Under these circumstances, it has been repeatedly held by this court that there is no reversible error. Chesapeake & Ohio Ry. Co. v. Coffey (C. C. A.) 37 F.(2d) 320, and cases there cited.

There was no prejudicial error; there was

ample evidence to sustain the verdict of the jury; and the judgment of the court below is accordingly affirmed.