**PROVIDENT LIFE & ACCIDENT INS. CO.**
**v. EATON.**
No. 4025.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1936.

John A. Chambliss, of Chattanooga, Tenn. (T. L. Hutton, of Abingdon, Va., and Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., on the brief), for appellant.

E. W. Potts, of Abingdon, Va., and W. H. Rouse, of Bristol, Va., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law instituted in August, 1934, by Julia P. Eaton, appellee, herein referred to as the plaintiff, against Provident Life & Accident Insurance Company, appellant, herein referred to as the defendant, in the corporation court of the city of Bristol, Va. In August, 1934, the action was removed to the District Court of the United States for the Western District of Virginia, at Abingdon, and was tried before a jury in November, 1935. A verdict was returned in favor of the plaintiff in the sum of $5,000, with interest from June 19, 1934. A motion to set aside the verdict was denied, and the defendant then moved for a new trial alleging, among other grounds for such motion, the discovery of new evidence. This motion was heard and denied and judgment entered upon the verdict. From this action of the court below, this appeal was brought.

The defendant issued an accident insurance policy to Hugh H. Eaton, the husband of the plaintiff, insuring him against accidental death in the sum of $5,000. The plaintiff was beneficiary under the policy. The insured received fatal injuries in an automobile accident on April 5, 1934, from which injuries he died on April 10, 1934.

The policy provided that the insurance did not cover injuries sustained by the insured while intoxicated, or under the influence of an intoxicant or narcotic, or while violating law.

The defendant denied liability under the policy on the grounds that the insured, Eaton, when he received the injuries that resulted in his death, was driving an automobile while intoxicated or under the influence of intoxicants, and while violating law.

The road on which Eaton was traveling, at the time of the accident, ran from Big Stone Gap eastwardly toward Bristol. The accident occurred about 150 or 200 feet east of a very sharp left-hand curve, coming down-grade. The road, after the curve, leveled out and was straight at the point of the accident for a distance of some 650 feet. At the point of the accident the hard-surface road was 20 feet in width with dirt shoulders on either side approximately 18 inches in width. The accident happened about 7 p. m., the insured's car going over an eight or ten foot embankment. The road was dry and there was no other traffic on the highway at the time of the accident.

There was one eyewitness to the accident, a girl named Dorothy Stapleton. A number of witnesses testified as to the deceased's condition immediately prior to the accident and the evidence was conflicting on this point. There was also a conflict in the testimony of the witnesses as to whether the odor of alcohol could be detected on Eaton's breath after the accident.

There are a number of assignments of error, two of which relate to the refusal of the trial judge to admit certain testimony as a part of the res gestæ. We said in the case of Standard Oil Co. of New Jersey v. Neville, 48 F.(2d) 580, 581, "The question as to whether a statement is a part of the res gestæ depends on the circumstances of each case," and in the case of Chesapeake & O. Ry. Co. v. Mears, 64 F.(2d) 291, Judge Parker, of this court, quoted with approval from Commonwealth v. McPike, 3 Cush.(Mass.) 181, 50 Am. Dec. 727, the holding that, "In the admission of testimony of this character, much must be left to the exercise of the sound discretion of the presiding judge." We know of no decision holding to the contrary on this point. An examination of the evidence offered leads us to the conclusion that the judge did not abuse his discretion in refusing to permit its introduction.

Another exception deals with that part of the charge of the court in which the judge said: "Some witnesses said that following the accident they noticed the odor of liquor about Mr. Eaton. Others with equal opportunities of observation and apparently equally attentive to determining that fact, said they noticed nothing of the sort."

We do not think that this expression of the court would constitute harmful error in view of the fact that it was coupled, in the charge, with the statement to the jury that were the sole judges of the credibility of the witnesses and the weight to be given their evidence.

Another assignment of error relates to the refusal of the court to instruct the jury, as requested by the defendant, that speed in excess of 45 miles an hour was, under the Virginia statute, prima facie a violation of the law. We are of the opinion that failure to give this instruction was harmful error. Section 2154 (109), Code of Virginia, Supplement 1932, provides that any person driving a motor vehicle at a speed exceeding the speed fixed by the statute as lawful, shall be prima facie guilty of reckless driving. Reckless driving under the statute is a violation of the law and the defendant was entitled to the instruction asked for.

The charge of the trial judge to the jury on the question of speed was as follows:

"The evidence as to the manner in which the car from the standpoint of speed, was being operated is, in my mind, Gentlemen, rather unsatisfactory. I wish to say in making that comment, or in commenting upon the weight or effect of any evidence in the case, the Court is merely expressing its own opinion and to point out to you the substance and effect of the evidence. You are in no way bound at all to adopt the views I hold, you are at perfect liberty to adopt your own, because you are the sole judges of the weight of the evidence and the proper inferences to be drawn from it.

"About the only evidence here as to the speed of the car at any time so close to the time of the accident as to be of any value at all, is the testimony of the young girl, Dorothy Stapleton, who said she was standing on her porch, and saw the car coming around the curve some hundred of yards away, and she thought it was running sixty or sixty-five miles an hour. This, in my mind, is a very difficult thing, particularly for a young girl probably not experienced in the operation of motor cars, except through riding in them, in a hasty glance of that sort, to judge the speed of a motor vehicle some hundred of yards away, particularly when it was approaching her.

"The testimony as to the speed preceding the accident is of very little value, because we all know the speed of an automobile may vary from minute to minute, it may be a man may be driving very rapidly at one point on the road, and a minute later, a mile down the road, may be driving very slowly, so the evidence as to the previous speed of the car is of little value, and has in reality no bearing upon the condition or speed at the time of the accident."

This part of the judge's charge, which was excepted to, is faulty in several respects. In the first place we are of the opinion that it reflects improperly upon the testimony of the witness, Dorothy Stapleton, and ignores that part of her testimony in which she detailed the manner in which the car driven by the deceased, at the very time of the accident, was weaving from one side of the road to the other; this witness had testified partly as follows: "After he came around the curve, he came very near going over on the right hand side. I couldn't tell if he was off the surface or not. The direction it next took was back across sharply to the left, then he followed around the side of the bank and hit a big rock. He came around the curve, nearly went off the right hand side and cut the car sharply to the left and went off the road into the ditch. It was going fast, I would say somewhere around sixty miles an hour around that curve."

The witness was standing on the front porch of a house in plain view of the car, for some distance, as it approached the point where the accident occurred; she testified as to the speed of the car at the time of the accident and the testimony of this witness, as to the reckless manner in which the car was being driven by the deceased, was as important as was her evidence as to the speed. Again the statement in the charge, that "about the only evidence here as to the speed of the car at any time so close to the time of the accident as to be of any value at all, is the testimony of the young girl, Dorothy Stapleton, * * *" ignores completely the testimony of a witness, one Ernest Camper, who testified that he was driving a car and met the deceased five or six minutes before the accident happened. Camper testified as follows: "* * * He passed me between Gate City and the point of accident, he was coming east going pretty fast, something like fifty or sixty miles an hour. I saw him coming and he was on my side of the road. I was meeting him and he was on my side of the road and I pulled off the road to let him pass and keep him from hitting me. There was a little bank and I got on the edge of the little bank. I had to get both right wheels off the pavement. He missed me about two or three inches. I don't know what was the matter with

him. He was on my side of the road and on his left side of the road. I recognized him as he passed. He had his head sorter hanging down over the steering wheel, bent over sorter, looked like he might be sick or something the matter with him the way he was driving and looked when he passed. * * *"

We cannot understand why the judge should characterize this testimony as being "of very little value." In the case of Pullman Company v. Hall, 46 F.(2d) 399, we approved the rule that a trial judge should not, in his· charge, submit the evidence and theory of one party prominently and fully without calling attention to the main points of the opposite party's case. We cannot escape the conclusion that this charge of the judge on the evidence was prejudicial to the defendant and constituted harmful error.

Another assignment of error deals with the refusal of the judge to charge the jury, as requested by the defendant, that the intoxication of the deceased at the time of the accident or the violation of law at that time need not contribute to or cause the accident in order to exempt the defendant from liability on the policy. It is true that the judge in his charge said, "It means that if either of those conditions existed and while they existed an accident occurred, the company would not be liable, whether the conditions themselves were the direct cause of the accident or not." We do not think this charge sufficiently covered the point. In Flannagan v. Provident Life & Accident Insurance Company (C.C.A.) 22 F.(2d) 136, 139, will be found a full discussion, by this court, of this and related questions involved in the instant case and after stating that insurance companies have a right to contract, when they do so with sufficient clearness to convey the plain meaning of the parties, and that it is the duty of the courts to enforce such contracts, we said: "We think, however, that by their express provisions the policies do not cover injuries received while the insured was intoxicated or under the influence of liquor, as he clearly was at the time when he received the injuries resulting in his death, and that it was not necessary to show any causative connection between the intoxicated condition and the injuries."

A discussion of the Flannagan Case will be found in Travelers' Ass'n v. Prinsen, 291 U.S. 576, 54 S.Ct. 502, 78 L.Ed. 999. The defendant was entitled to the instruction requested on this point and failure to grant it was error.

A study of the record leads us to the conclusion that the trial judge might very properly have directed a verdict for the defendant, but in view of the weight to be given the finding of a trial judge who hears the witnesses and sees them on the witness stand, we do not feel justified in holding that he should have done so.

We are also strongly impressed with the fact that the motion for a new trial based on the ground that there was after-discovered evidence was strongly supported, but it is uniformly held that such a motion is addressed to the sound discretion of the court. We cannot say that that discretion was abused.

There was error in the refusal of the court to grant the instruction requested as to causal connection, and the charge of the court was erroneous in other respects, as above set out.

The judgment of the court below is therefore reversed and the case remanded for a new trial.

Reversed.