SHERMAN LEE WINTERS

*v.*

J. T. CAMPBELL

(No. 12295)

Submitted May 5, 1964.         Decided July 7, 1964.

*Jenkins & Jenkins, John E. Jenkins, Jr.,* for appellant.

*Greene, Morgan & Ketchum, Edward H. Greene, Claude M. Morgan, Chad W. Ketchum,* for appellee.

HAYMOND, PRESIDENT:

In this civil action instituted in the Circuit Court of Cabell County in December 1961 the plaintiff, Sherman Lee

Winters, a married woman, seeks a recovery of damages from the defendant, J. T. Campbell, which resulted from the alleged false arrest of the plaintiff by a constable of Cabell County upon a warrant issued by a justice of the peace of that county based upon a complaint signed by the defendant. Upon the trial of the case the circuit court overruled the several motions of the defendant to dismiss the complaint; for a continuance on the grounds of the absence of a material witness; to exclude certain evidence introduced by witnesses in behalf of the plaintiff; to direct a verdict for the defendant; and to declare a mistrial of the case. At the instance of the plaintiff the court instructed the jury that the warrant of arrest was void and did not authorize the arrest of the plaintiff and directed the jury to award the plaintiff such damages as in its opinion she was justly entitled to recover. The jury returned a verdict in favor of the plaintiff for $2,000.00. The court overruled the motion of the defendant to set aside the verdict of the jury and grant him a new trial and on April 12, 1963, refused to set aside the previously entered judgment for the plaintiff for the amount of the verdict and costs. From the final judgment in favor of the plaintiff this Court granted this appeal upon the application of the defendant.

For about six months before Sunday, December 10, 1961, the plaintiff had been a salaried employee at a retail store known as Heck's, located on Fifth Avenue, Huntington, Cabell County, West Virginia, and during the afternoon of that day was engaged in the discharge of her duties as such employee. The defendant was manager of the J. C. Penny Company store, also located in Huntington, Cabell County, West Virginia, and for some time previously he and other merchants in Huntington had considered and conferred with respect to enforcing the Sunday observance law against retail stores which operated on Sunday in that city. The defendant had also discussed the matter with the prosecuting attorney of Cabell County who testified that he outlined the Sunday observance statute to the defendant and informed him and his associates of the various ways in which they could proceed in enforcing it but that he did not advise them how to proceed.

After the defendant had learned that the Heck's store was open and operating on Sunday, December 10, 1961, and that the office of the justice of the peace was also open, the defendant visited the Heck's store, saw that it was open, went inside the store and observed its employees at work and people buying merchandise. He then went to the office of the justice of the peace, and there signed and verified a number of complaints for warrants of arrest. These complaints were written by the secretary of the justice of the peace who followed the form contained in a manual used by the justice of the peace and were prepared for Mary Doe or John Doe because the defendant did not know the names of the persons for whom they were intended. The secretary and the wife of the justice of the peace then prepared the warrants based on the complaints. After he signed the complaints the defendant left the office of the justice of the peace, went to a point on Fifth Avenue near the Heck's store to see what would happen, and remained there until the persons for whom the warrants were issued, including the plaintiff, had been arrested and had left by bus for the office of the justice of the peace but he did not participate or assist in making the arrests.

After the warrants had been issued they were delivered to a constable who in the company of another constable went to the Heck's store and arrested several of the employees, including the plaintiff, who were working there in the presence of the officers at the time of the arrest.

The complaint for the warrant for the arrest of the plaintiff signed by the defendant states that J. T. Campbell upon oath complained that on the 10th day of December, 1961, in the County of Cabell, State of West Virginia, Mary Doe, correct name unknown, did unlawfully labor at retail selling, at Heck's store, 2626 Fifth Avenue, Huntington, in Cabell County, West Virginia, on the Sabbath Day, and that such labor was not household or other work of necessity or charity, and prayed that the said Mary Doe, correct name unknown, be apprehended and held to answer the complaint and be dealt with in relation thereto according to law. The warrant issued by the justice of the peace upon the fore-

going complaint followed the language of the complaint and directed the constable to whom it was issued, in the name of the State of West Virginia, forthwith to apprehend the said Mary Doe, correct name unknown, and bring her before the justice at his office in Cabell County to answer the complaint and to be further dealt with in relation thereto according to law.

The defendant assigns as error the action of the circuit court (1) in instructing the jury to return a verdict in favor of the plaintiff; (2) in holding the warrant void and the arrest of the plaintiff to be illegal; (3) in permitting testimony in behalf of the plaintiff concerning derogatory remarks made about her by other persons in connection with the arrest; (4) in permitting certain witnesses in behalf of the plaintiff to testify concerning debts of the plaintiff and her husband, and certain illnesses, operations and medical bills of the plaintiff; (5) in refusing to give Instruction No. 1, offered by the defendant, in its original and its amended form; (6) in refusing to instruct the jury to disregard certain statements in the argument of counsel to the jury in behalf of the plaintiff and to grant a mistrial because of such statements; and (7) in denying the motion of the defendant to set aside the verdict on the ground that it is excessive.

The right of personal liberty is a high prerogative right and a person can not be deprived of that right without due process of law. *State* v. *Lutz,* 85 W. Va. 330, 101 S. E. 434. The law is extremely jealous of the liberty of the individual citizen, *Porter* v. *State,* 124 Ga. 297, 52 S. E. 283; and this solicitude is expressed in constitutional and statutory provisions. Section 6, Article III of the Constitution of this State contains the provision, which is identical with that contained in the Fourth Amendment to the Constitution of the United States, that "No warrant shall issue except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, or the person or thing to be seized."

It is essential to the validity of a warrant that the person to be arrested be identified by its terms, and a warrant does

not authorize an arrest unless the person to be arrested is sufficiently named or otherwise described in the warrant. When a warrant does not contain the name of a person to be arrested the description of such person must be sufficient to identify him clearly. A warrant for the arrest of "John Doe" or some other fictitious name, which contains no sufficient description of the person to be arrested, is void. 5 Am. Jur. 2d, Arrest, Section 9.

In Voorhees, The Law of Arrest, Second Edition, page 85, the author, citing *Commonwealth* v. *Crotty*, 10 Allen (Mass.) 403, says that when "a warrant is issued against 'John Doe or Richard Roe, whose other or true name is to your complainant unknown,' with no other description or means of identification, the warrant is absolutely void and may be resisted with all *necessary* force." In the *Crotty* case the Supreme Judicial Court of Massachusetts, in holding invalid a warrant for the arrest of John Doe or Richard Roe, without further description, in the opinion used this language:

"We cannot entertain a doubt that the warrant on which the officer attempted to arrest one of the defendants at the time of the alleged riot was insufficient, illegal and void. It did not contain the name of the defendant, nor any description or designation by which he could be known and identified as the person against whom it was issued. It was in effect a general warrant, upon which any other individual might as well have been arrested, as being included in the description, as the defendant himself. Such a warrant was contrary to elementary principles, and in direct violation of the constitutional right of the citizen, as set forth in the Declaration of Rights, art. 14, which declares that every subject has a right to be secure from all unreasonable searches and seizures of his person, and that all warrants, therefore, are contrary to this right, if the order in the warrant to a civil officer to arrest one or more suspected persons or to seize their property be not accompanied with a special designation of the persons or objects of search, arrest or seizure. This is in fact only a declaration of an ancient common law right. It was always necessary to ex-

press the name or give some description of a party to be arrested on a warrant; and if one was granted with the name in blank, and without other designation of the person to be arrested, it was void. 1 Hale P. C. 577. 2 Ib. 119. Foster, 312. 7 Dane Ab. 248, 1 Chit. Crim. Law, 39. *Mead* v. *Haws,* 7 Cow. 332, and cases cited.

"This rule or principle does not prevent the issue and service of a warrant against a party whose name is unknown. In such case the best description possible of the person to be arrested is to be given in the warrant; but it must be sufficient to indicate clearly on whom it is to be served, by stating his occupation, his personal appearance and peculiarities, the place of his residence, or other circumstances by which he can be identified. 1 Chit. Crim. Law, 39, 40.

"The warrant being defective and void on its face, the officer had no right to arrest the person on whom he attempted to serve it."

In the opinion in *West* v. *Cabell,* 153 U. S. 78, 14 S. Ct. 752, 38 L. Ed. 643, the Supreme Court of the United States uses this language:

"By the common law, a warrant for the arrest of a person charged with crime must truly name him, or describe him sufficiently to identify him. If it does not, the officer making the arrest is liable to an action for false imprisonment; and if, in attempting to make the arrest, the officer is killed, this is only manslaughter in the person whose liberty is invaded. 1 Hale P. C. 577, 580; 2 Hale P. C. 112, 114; Foster's Crown Law, 312; 1 East P. C. 310; 1 Chit. Crim. Law, 39, 40; *Huckle* v. *Money,* 2 Wilson, 205; *Money* v. *Leach,* 3 Burrow, 1742, 1766, 1767; S. C. 1 W. Bl. 555, 561, 562; *Rex* v. *Hood,* 1 Moody C. C. 281; *Hoye* v. *Bush,* 1 Man. & Gr. 775; S. C. 2 Scott N. R. 86. Likewise, a warrant of arrest in a civil action, which does not name or describe the person to be arrested, is no justification of the officer. *Cole* v. *Hindson,* 6 T. R. 234; *Shadgett* v. *Clipson,* 8 East, 328; *Finch* v. *Cocken,* 2 Cr. M. & R. 196; S. C. 1 Gale, 130, and 3 Dowling, 678; *Kelly* v. *Lawrence,* 3 H. & C. 1.

"The principle of the common law, by which warrants of arrest, in cases criminal or civil, must specifically name or describe the person to be arrested, has been affirmed in the American constitutions; and by the great weight of authority in this country a warrant that does not do so will not justify the officer making the arrest. *Commonwealth v. Crotty*, 10 Allen, 403; *Griswold v. Sedgwick*, 6 Cowen, 456, and 1 Wend. 126; *Mead v. Haws*, 7 Cowen, 332; *Holley v. Mix*, 3 Wen. 350, 354; *Scott v. Ely*, 4 Wend. 555; *Gurnsey v. Lovell*, 9 Wend. 319; *Melvin v. Fisher*, 8 N. H. 407; *Clarke v. Bragdon*, 37 N. H. 562, 565; *Johnston v. Riley*, 13 Georgia, 97, 137; *Scheer v. Keown*, 29 Wisconsin, 586; *Rafferty v. People*, 69 Illinois, 111."

As indicated in the foregoing quotation from the *Crotty* case a John Doe warrant, or a Mary Doe warrant such as the warrant here under consideration, which designates the character of the offense and the place of its commission but which does not otherwise describe the person for whom it is issued, does not contain a sufficient description to identify the person to be arrested. The evidence shows that at the time the plaintiff was arrested at least four other female employees of the Heck's store who were engaged in the performance of work were also arrested presumably under similar warrants. The statement in the warrant, under which the plaintiff was arrested, that Mary Doe "did unlawfully labor at retail selling at Heck's Store, 2626 5th Ave., Huntington, in said county and state," did not sufficiently describe or identify or differentiate the plaintiff from any of the other female employees then working in the store. Each of them, as well as the plaintiff, was included in that description and under such designation the officer could select any of the five female employees as the person for whom the warrant was intended. The warrant itself does not indicate or reveal which of the five female employees then at work at the Heck's Store was the person for whom it was issued and any of the other four, as well as the plaintiff, could have been chosen at random by the officer as the person to be arrested. The undisputed evidence is that the defendant visited the Heck's store and saw the employees there engaged in work before he executed the

complaint for the warrant for the arrest of the plaintiff. When at the store he could and doubtless did observe them closely enough to obtain a sufficient description of each of the working employees for he went there to see if the store was open and its employees were at work for the purpose of causing their arrest. If he had obtained and used an identifying description of the plaintiff the warrant for her arrest would likely have been a valid warrant and his failure to do so doubtless resulted in the issuance of the invalid warrant for the arrest of the plaintiff.

From the foregoing it is clear that the warrant under which the plaintiff was arrested was a void warrant and that her arrest under such warrant was an illegal arrest; and this Court holds that a warrant of arrest for a person by the fictitious name of Mary Doe which charges the commission of an offense at a designated place but which contains no other description or means of identification of the person for whom it is issued does not sufficiently identify the person to be arrested and is a void warrant and that the arrest of a person under such warrant is an illegal arrest.

The defendant contends, however, that if the warrant for the arrest of Mary Doe was not sufficient to justify the arrest of the plaintiff her arrest by the officer while she was engaged in work on the Sabbath Day in his presence was a valid arrest. This contention is completely devoid of merit.

Under the provisions of Section 7, Article IX, of the Constitution of this State, justices of the peace and constables are conservators of the peace throughout their county; and by Section 28, Article VIII of that Constitution, the jurisdiction of justices of the peace shall extend throughout their county and they shall be conservators of the peace and shall have such jurisdiction and powers in criminal cases as may be prescribed by law. At common law a justice of the peace and a constable had authority to make an arrest for a misdemeanor without a warrant if committed in the presence of either of them and if it involved a breach of the peace; but an officer had no authority to make an arrest for

a misdemeanor without a warrant though committed in his presence unless such misdemeanor involved a breach of the peace. See *State* v. *Whitt,* 96. W. Va. 268, 122 S. E. 742; *State* v. *Lutz,* 85 W. Va. 330, 101 S. E. 434; 6 C. J. S., Arrest, Section 6c. By statutes in this State the common law power of a constable to make an arrest without a warrant for a misdemeanor committed in his presence has been somewhat enlarged and extended. The statutes which have that effect are Section 2, Article 18, Chapter 50, Code, 1931, and Section 6, Article 10, Chapter 62, Code, 1931.

Section 2, Article 18, Chapter 50, Code, 1931, provides that "Proceedings before a justice shall be by warrant of arrest in the name of the State, except that when an offense of which the justice has jurisdiction is committed in his presence, or in that of a constable, either of them may forthwith apprehend the offender or cause him to be apprehended, and in such case the offender may be tried before the justice and dealt with according to law, without such warrant." That section authorizes a justice of the peace or a constable to make an arrest without a warrant for any offense of which the justice of the peace has jurisdiction which is committed in the presence of the justice or the constable, *State* v. *Emsweller,* 78 W. Va. 214, 88 S. E. 787.

Section 6, Article 10, Chapter 62, Code, 1931, provides that "If any person shall, in the presence of a constable and within his county, make an affray, or threaten to beat, wound or kill another, or commit violence against his person or property; or contend with angry words to the disturbance of the peace; or improperly or indecently expose his person; or appear in a state of gross intoxication in a public place; such constable may, without warrant or other process, or further proof, arrest such offending person and take him before some justice of the county in which such offense is committed, * * * ."

It is manifest that the offense for which the plaintiff was arrested is not covered by the provisions of Section 6 and that it is not one of the offenses of which the justice has jurisdiction under Section 1, Article 18, Chapter 50, Code,

1931, as amended, for which under Section 2 of that article and chapter a constable may make an arrest for an offense committed in his presence without a warrant.

Section 1, Article 18, Chapter 50, Code, 1931, as amended, in paragraph (g) provides that justices shall have jurisdiction "In any case where the punishment is limited to a fine not exceeding ten dollars, or to imprisonment for not more than ten days;". The penalty provided for an offense under the Sunday observance statute, Section 17, Article 8, Chapter 61, Code, 1931, in effect when the offense charged against the plaintiff was committed, was a fine of not more than fifteen dollars for each such offense. Though the maximum fine prescribed was limited to fifteen dollars a fine within that limit, but in excess of ten dollars, could be imposed; and for that reason a justice of the peace did not have jurisdiction of such offense. *State* v. *Harr*, 77 W. Va. 637, 88 S. E. 44. In that case this Court held that the statute which at that time prescribed a minimum fine of five dollars but prescribed no maximum fine did not apply to an offense within the statutory jurisdiction of a justice of the peace and that a justice of the peace was without jurisdiction to try and pronounce judgment for an offense committed under the statute, which was then designated as Section 16, Chapter 149, Code, 1913, and that such offense was punishable only upon presentment or indictment of a grand jury.

A justice of the peace did not have jurisdiction of an offense created by the Sunday observance law, in effect on December 10, 1961, Section 17, Article 8, Chapter 61, Code, 1931, the offense for which the plaintiff was arrested, and as such offense was not within the authority conferred upon a constable by Section 2, Article 18, Chapter 50, Code, 1931, or by Section 6, Article 10, Chapter 62, Code, 1931, to make an arrest without a warrant for a misdemeanor committed in his presence, the arrest of the plaintiff, by the constable, while she was at work in Heck's store on Sunday, December 10, 1961, was an illegal arrest.

It is pertinent to observe that the present Sunday observance statute, Chapter 12, Acts of the Legislature, 1964, Regular Session, enacted January 30, 1964 and effective

ninety days from passage, in Section 27, Article 8, confers jurisdiction upon justices of the peace, concurrently with circuit and criminal courts, of offenses created by that statute; and an arrest by a constable, without a warrant, for the commission of any such offense in his presence would be a valid arrest. But, of course, the validity of the arrest of the plaintiff by the constable is governed, not by the current statute, but by the Sunday observance law in effect on December 10, 1961, when the plaintiff was arrested for violation of that statute.

In 22 Am. Jur., False Imprisonment, Section 33, the text contains, among others, these statements: "The question of the liability of the person at whose instance or on whose complaint an arrest is made is one which presents persuasive arguments on either side, and the decisions of the courts are not harmonious. On the one hand, he is regarded, in a broad sense, as the principal for whom the attorney, magistrate, and officer act and, therefore, responsible for any damage that may result from an illegal arrest or detention. This view, strengthened by the fact that the magistrate may often be protected by the doctrine of judicial immunity and the officer by the apparent regularity of his process, has led some courts to affirm in broad terms the liability of a person who institutes a proceeding for any false imprisonment which may occur in its course. * * * . On the other hand, since the person on whose complaint the arrest is made is usually a layman, not familiar with, and not pretending to determine, the legal procedure to be taken, it has been said to be unjust to hold him guilty of any tort, if he merely makes to a magistrate an honest statement of the facts as he claims them to be, and leaves it to the officers of the law to take such action as they deem proper; and under such circumstances many courts have held him not liable. * * * ." In 22 Am. Jur., False Imprisonment, Section 31, the text contains this language: "All those who, by direct act or indirect procurement, personally participate in, or proximately cause, the false imprisonment or unlawful detention are liable therefor. It is a postulate of this article and a tacit assumption of the cases throughout that the person effecting the actual imprisonment is liable for his

wrongdoing." Despite the lack of harmony in the decisions of the courts generally, in this jurisdiction when a person is arrested under a void warrant the arrest is illegal and the party who actively instigated, directed or procured the arrest of such person under such warrant is liable for false imprisonment. See *Williamson* v. *Glen Alum Coal Company*, 72 W. Va. 288, 78 S. E. 94; 8 Michie's Jurisprudence, False Imprisonment, Section 5.

In *Howell* v. *Wysor*, 74 W. Va. 589, 82 S. E. 503, Ann. Cas. 1916C, 519, in which the plaintiff was arrested under a warrant issued by the defendant Wysor, a notary public, on the complaint of the defendant Hughes, addressed to and executed by the defendant McClentock, a deputy sheriff, which charged the plaintiff with the offense of nonsupport of his wife and children, a misdemeanor, and in which the judgment for the plaintiff against all the defendants was affirmed, this Court, in holding the warrant to be void, in the opinion used this language: "The writ in this case being void, issued by an officer without authority, on the complaint of one not authorized, though directed to an officer with authority to execute lawful writs of justices constituted no protection to any of the defendants for false imprisonment or assault."

In *Williamson* v. *Glen Alum Coal Company*, 72 W. Va. 288, 78 S. E. 94, this Court held in point 1 of the syllabus that "Where the act charged in a warrant issued by a justice amounts to no criminal offense, arrest and imprisonment under such warrant is illegal, and those who actively direct and cause the same are liable in the action for false imprisonment." In the opinion this Court said "Where the warrant is irregular and void, or where it is irregular though not void but is afterwards quashed or set aside for irregularity, the prosecutor is liable to the action for false imprisonment. 2 Tucker's Commentaries 71; Newell 90. The so-called warrant in this case charged no offense and was void on its face. This alone made defendants, who actively instigated, directed, and procured the arrest and imprisonment of plaintiff under it, liable in trespass."

In *Parsons* v. *Harper*, 16 Gratt. (57 Va.) 64, decided before the formation of this State, an action for false im-

prisonment, the court held that if the defendant has unlawfully sued out process of arrest against the plaintiff, and has caused him to be imprisoned upon it, and the process has been afterwards set aside because illegally issued, it constitutes no defence to the party: but the plaintiff is entitled to recover damages for the wrong done him without regard to the motives of the defendant, or the circumstances attending the doing of the wrongful and unlawful act.

In the early case of *Moore* v. *Chapman,* 3 Hen. & M. (13 Va.) 260, the court stated in its opinion that there can be no doubt that when a party is taken into custody upon process which is for any reason void an action of trespass and false imprisonment will lie against the person who causes the issuance of such process.

In *Scheer* v. *Keown,* 29 Wis. 586, the defendant made complaint in writing on oath to a justice of the peace charging that "Sophia Sherr (alias) and Maria Hopf (alias)," at a designated time and place did steal a quantity of wool of a specified value, the property of the defendant. The warrant of arrest was issued upon the complaint and at the direction of the defendant. Mrs. Scheer, one of the plaintiffs, was arrested by the sheriff under the warrant and confined in the county jail for one night after which on the following day she was taken before the justice who issued the warrant and was by him discharged from custody without trial. Upon the foregoing facts the appellate court, reversing the judgment of the trial court in favor of the defendant, held that the warrant did not justify the arrest of the plaintiff and that the defendant was subject to and liable in an action for false imprisonment.

In *Comisky* v. *Norfolk and Western Railway Company,* 79 W. Va. 148, 90 S. E. 385, L. R. A. 1917D, 220, the plaintiff was arrested on a passenger train of the defendant at the instance of the train conductor because of the refusal of the plaintiff to pay the transportation fare demanded of him by the conductor. In an action for false imprisonment against the railway company for the alleged unlawful act of its agent, this Court affirmed the judgment in favor of the

plaintiff and in the opinion used this language: "If a private individual identifies a person as one who has been guilty of a crime, and requires a police officer to arrest him without a warrant, the arrest is the joint act of the private individual and the peace officer, and if the arrest is unwarranted and illegal both the police officer and the private individual are joint tort feasors and both are liable for the wrong."

In *Allen* v. *Lopinsky*, 81 W. Va. 13, 94 S. E. 369, an action against a private person for having caused the arrest and imprisonment of the plaintiff without a warrant for a misdemeanor, the defendant requested an officer to make the arrest and suggested that he obtain a warrant for that purpose but the officer having expressed his opinion that a warrant was unnecessary made the requested arrest without assistance or participation by the defendant. This Court held that there was no right of recovery against the defendant but in the opinion said: "Under no circumstances, can a private person justify an arrest made without a warrant, by himself, or by an officer at his instance, for a misdemeanor, nor for a felony, unless the felony has been actually committed."

As the undisputed evidence shows that the defendant was active in instigating and causing the arrest of the plaintiff by the constable under a void warrant based upon the complaint signed by the defendant and also shows that the arrest of the plaintiff was an illegal arrest, the liability of the defendant to the plaintiff for false arrest is clearly established. For that reason the court was justified in instructing the jury to award the plaintiff such damages as the jury should believe that she was justly entitled to recover from the defendant and the action of the court in so instructing the jury was not erroneous.

The defendant complains of the action of the court in admitting over his objection evidence that certain persons in various conversations with the witness spoke of the plaintiff as a jail bird because of her arrest. That evidence was admissible on the question of the amount of the damage sustained by the plaintiff by reason of the embarrassment

and humiliation to which she was subjected as a result of her arrest; and the action of the court in admitting such evidence for that purpose was correct and proper.

The defendant also complains of the refusal of the court to give, in either its original form or as amended, Instruction No. 1 offered by the defendant, which would have told the jury that if the jury found that the plaintiff was not injured or damaged as a result of the arrest of which she complained the jury could return a verdict in the amount of one dollar or for nominal damages. The instruction was properly refused for it disregarded the evidence of embarrassment and humiliation experienced by the plaintiff as a result of her arrest which would have justified the jury in awarding her some measure, however slight, of compensatory damages in excess of an award of one dollar or merely nominal damages. *Howell* v. *Wysor*, 74 W. Va. 589, 82 S. E. 503, Ann. Cas. 1916C, 519. In that case, in affirming the trial court in refusing an instruction which would have told the jury that though the jury must find for the plaintiff the amount was entirely for the jury and might be any amount between the amount sued for and one cent, this Court said: "Such an instruction, we think, would have been misleading. True no elements of damage were proven, except loss of time, and the humiliation from the arrest. One cent would have been little compensation for such injury. The jury might have misconstrued such an instruction." This Court has repeatedly held that an instruction which tends to mislead the jury is erroneous and should be refused. *Overton* v. *Fields*, 145 W. Va. 797, 117 S. E. 2d 598, and the many cases cited in the opinion in that case.

Over objection of the defendant the court permitted the husband of the plaintiff to testify that at the time of the arrest of the plaintiff and for several months or a year previously the plaintiff and her husband were heavily indebted in an amount of approximately $8,000.00. The evidence did not in any way connect this indebtedness with the arrest of the plaintiff or indicate that it was caused by or resulted from the arrest in any amount or to any extent whatsoever. This evidence was wholly immaterial to any

issue in the case and was prejudicial to the defendant. The action of the court in admitting it constituted reversible error.

The court also permitted, over objection of the defendant, a physician, who had treated the plaintiff on various occasions both before and after her arrest, to testify concerning her ailments and physical condition and four operations performed upon the plaintiff and money which the plaintiff owed him for medical care, none of which treatments or charges was in any wise connected with or resulted from the arrest of the plaintiff. This evidence was clearly inadmissible. It should have been rejected and the action of the court in admitting it also constituted reversible error.

In his argument to the jury the attorney for the plaintiff stated, in substance, that because of her arrest she would not be able to obtain future employment and that when she would apply for employment at another store she would be required to complete a questionnaire by answering if she had ever been arrested for anything except a traffic violation and that her affirmative answer would prevent her from obtaining such future employment. There was no evidence that the plaintiff had sought any such future employment or had lost or had been denied any employment as a result of her arrest. These statements were prejudicial to the defendant and should not have been permitted and the refusal of the court to grant the motion of the defendant to instruct the jury to disregard such statements or to grant a mistrial of the action constituted reversible error.

The defendant insists that the verdict is excessive in amount and that it should be set aside for that reason. The evidence does not justify an award in the amount allowed by the jury. There is no evidence which shows that the plaintiff sustained any damage as a result of the arrest except inconvenience, embarrassment and humiliation and her unlawful detention by the arresting officer and the justice of the peace for a period of approximately two hours. The evidence shows that she has lost no wages and has experienced no interruption in her employment and there is no proof that her potential for future employment has in any

wise been affected or impaired as a result of her arrest. It also clearly appears that she has not experienced any physical injury or illness and has not paid or incurred any expenses whatsoever and has not lost anything of value because of the arrest. There is no showing of malice upon the part of the defendant in instigating or procuring the arrest which would entitle the plaintiff to anything other than compensatory damages. The inconvenience, embarrassment and humiliation and the detention of the plaintiff for approximately two hours together do not justify an award of $2,000.00 as compensation for those elements of damage. Though the amount of unliquidated or indeterminate damages is generally for the jury and the amount of damages for a tort is within the sound discretion of the jury, the court may set aside a verdict as excessive if it is unsupported by the evidence or the amount of the verdict is so large that it indicates that the jury was influenced by passion, partiality, prejudice or corruption, or entertained a mistaken view of the case. See *Campbell v. Campbell,* 146 W. Va. 1002, 124 S. E. 2d 345; *Lawrence v. Nelson,* 145 W. Va. 134, 113 S. E. 2d 241; *Tennessee Gas Transmission Company v. Fox,* 134 W. Va. 106, 58 S. E. 2d 584; *Davis v. Pugh,* 133 W. Va. 569, 57 S. E. 2d 9; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410. Here the verdict is so largely in excess of the amount which under the evidence the plaintiff is justly entitled to recover as to indicate prejudice or partiality on the part of the jury or that the jury entertained a mistaken view of the case. A verdict which is clearly in excess of the amount which the evidence shows the plaintiff is justly entitled to recover should be set aside by the trial court. *Payne v. Ace House Movers, Inc.,* 145 W. Va. 86, 112 S. E. 2d 449; *State ex rel. Shatzer v. Freeport Coal Company,* 144 W. Va. 178, 107 S. E. 2d 503; *Rees Electric Company, Inc. v. Mullens Smokeless Coal Company,* 141 W. Va. 244, 89 S. E. 2d 619; *Toppins v. Oshel,* 141 W. Va. 152, 89 S. E. 2d 359; *McCabe v. The City of Parkersburg,* 138 W. Va. 830, 79 S. E. 2d 87; *Cato v. Silling,* 137 W. Va. 694, 73 S. E. 2d 731, certiorari denied, 348 U. S. 981, 75 S. Ct. 572, 99 L. Ed. 764, rehearing denied, 349 U. S. 924, 75 S. Ct. 659, 99 L. Ed. 1256; *Oresta v. Romano Brothers, Inc.,* 137 W. Va. 633, 73 S. E. 2d 622;

*Drummond* v. *Cook Motor Lines,* 136 W. Va. 293, 67 S. E. 2d 337; *Thomason and Beggs* v. *Mosrie,* 134 W. Va. 634, 60 S. E. 2d 699; *French* v. *Sinkford,* 132 W. Va. 66, 54 S. E. 2d 38; *Welty* v. *Baer,* 107 W. Va. 226, 148 S. E. 193. As the verdict is manifestly excessive in amount it will be set aside by this Court on this appeal.

Because of the error committed by the trial court in permitting the introduction of inadmissible evidence in behalf of the plaintiff and the prejudicial remarks of the attorney for the plaintiff in his argument to the jury and the excessiveness of the verdict, the judgment of the circuit court is reversed, the verdict is set aside, and this case is remanded to that court for a new trial which is here awarded the defendant.

> *Judgment reversed,*
> *verdict set aside,*
> *new trial awarded.*